SAMUEL L. SMITH ET AL. v. HILAIRE DEMARRAIS ET AL.

*Trover for value of replevied property.*

Trover lies at the suit of defendants in replevin for the value of
property not found on execution issued in their favor for its
return.    The remedy on the bond is not exclusive.

Error to Houghton.    Submitted April 17.    Decided
June 11.

TROVER.    Defendants bring error.

*S. F. Seager* for plaintiffs in error.

*T. M. Brady* and *Hoyt Post* for defendants in error.
The remedy on the replevin bond is not exclusive, *Bru-
ner v. Dyball,* 42 Ill., 34; *Yates v. Fassett,* 5 Den., 21;
*Smith v. Snyder,* 15 Wend., 324; *Burkle v. Luce,* 6 Hill,
558; *Angel v. Hollister,* 38 N. Y., 378; *Jennison v. Haire,*
29 Mich., 213; *Kidder v. Merryhew,* 32 Mich., 470.

MARSTON, J.    The only question of any importance
in this case is, whether, where an action of replevin has
been commenced, a trial had upon the merits and a
judgment rendered in favor of the defendants for a return
of the property, they can after an execution has been
issued thereon, and returned unsatisfied, bring and main-
tain an action of trover to recover the value of the
same property?

The remedy which defendants have under such cir-
cumstances upon the replevin bond is not exclusive.
The judgment in the replevin suit, where a trial is had
upon the merits, in favor of the defendants and for a
return of the property to them, vests in them the title
thereto, and if the plaintiff has so disposed of the prop-
erty that they are unable to obtain possession thereof,
they may bring an action of trover to recover its value.

Upon the rendition of this judgment, the right of

possession which the plaintiffs in that suit had acquired under the writ of replevin was thereby terminated, and the defendants as owners were clearly entitled to the possession; failing to obtain possession, to the value. The judgment of the court was a solemn legal adjudication that the defendants and not the plaintiffs were entitled to the property, and it gave them all legal remedies, not prohibited by statute, to obtain possession of the property or its value.

The judgment must be affirmed with costs.

The other Justices concurred.