## MORRISON BROS. v. EMMA C. WELLS.

1. RECORD ON REVIEW — *Motion for New Trial.* When, in the record of a case-made, the following recital appears immediately after the journal entry, "Whereupon the plaintiffs duly filed their motion to set aside the judgment and for a new trial," such record sufficiently shows that the motion for a new trial was filed in time.

2. CONTRACT — *Time of the Essence of.* At law, when the parties to a written contract have conditioned the payment of money upon the completion of certain work upon a building by a time fixed therein, time is of the essence of such contract. But if time is not held to be of the essence of the contract, and the parties have a reasonable time within which to perform, yet the question of a reasonable time being one of fact, if found against the plaintiffs on the trial, they are concluded by it, unless this court can say that such finding is not supported by the evidence.

*Error from Barton District Court.*

THE material facts are stated in the opinion.

*J. W. Clark,* and *Cole Bros.,* for plaintiffs in error.

*Maher & Osmond,* and *Thos. H. Bain,* for defendant in error.

Opinion by STRANG, C.: This action was brought by Morrison Bros. to recover the sum of $200, alleged to have been subscribed by the defendant, Emma C. Wells, for the benefit of the plaintiffs, together with other subscriptions of other persons, amounting in all to $4,000, as inducement to the erection by the plaintiffs of a hotel in the city of Great Bend, Kas. The action was begun before a magistrate, who gave the plaintiffs a judgment. Defendant appealed to the district court, where the case was tried by the court without a jury, resulting in a judgment for the defendant. The plaintiffs bring the case to this court. The defendant challenges the case-made, and says that it does not show that the motion for a new trial was filed within the time allowed by law, and that the case cannot for that reason be considered by this court. The record shows that the case came on for trial on the 23d of February, 1889, and the journal entry shows that the judgment was rendered on the same day, though the motion for new trial recites that the judgment was rendered on the 26th of February. The record does not state when the motion for new trial was filed, but the following statement is incorporated in the record, immediately following the journal entry: "Whereupon the plaintiffs duly filed their motion to set aside the judgment in said cause and for a new trial, which said motion was in words and figures following." Then follows the motion.

Is this case properly in this court? We think it is. This court held, in *Hill v. Wand,* 47 Kas. 340, (27 Pac. Rep. 988,) that the sentence, "thereupon the defendants filed, in writing, their motion for a new trial," immediately following the verdict in the record, must be construed to mean that the motion for a new trial was filed immediately after the return of the verdict. That case is decisive of this. But in this case the recital in the record is in one respect somewhat more complete than in the case cited. In this record the recital is, "Whereupon the plaintiffs *duly* filed their motion." The

word "duly" means properly, regularly, and in this connection indicates that the motion was regularly and properly filed.

The contract sued on in this case contains conditions precedent to be performed by the plaintiffs before the liability of the defendant attaches. It is conceded that these conditions were not performed within the time designated in the contract for their performance. If, therefore, time is of the essence of the contract, the defendant was not liable, unless she may be said to have waived the conditions. The contract reads as follows:

"We, the undersigned, owners of real estate adjacent to lots 13, 14, 15, and 16, in block 77, city of Great Bend, Kas., in consideration of the erection by Morrison Bros. upon said lots, a modern, three-story stone with galvanized-iron trimmings and brick hotel, containing not less than 50 sleeping rooms, agree to pay to said Morrison Bros. the sum of $4,000, each paying the sum set opposite his or her name when said building is under roof and plastered, provided the same is plastered on or before the 1st day of December, 1887. This subscription to be null and void if the said Morrison Bros. do n't begin work on or before the 1st day of April, 1887, and continue till completed. Said hotel to be between 80 and 90 feet wide and between 85 and 100 feet long, and to cost about $25,000 when finished, and to be completed January 1, 1888. MORRISON BROS."

The first condition precedent may be found in the first part of the contract, and, stripped of immaterial words, reads as follows: "We agree to pay to said Morrison Bros. the sum of $4,000, when said building is under roof and plastered, *provided* the same is plastered on or before the 1st day of December, 1887." The condition upon which the money is to be paid is, that the building shall be plastered on or before the 1st day of December, 1887. There is nothing in the subject-matter of the contract that tends to make time of the essence thereof. Outside of the express terms of the contract, it would not seem to make any serious difference to the defendant whether the building was plastered on or before the 1st day of December, or a few days later. So far as we can gather

from the record, the defendant would not suffer any by the delay. But have not the parties to the contract, by fixing a time within which the building should be plastered, and making the payment of the subscription conditioned thereon, made time an essential element of the contract? The parties subscribing had a right to make the payment of their subscriptions dependent upon any conditions they might require to be inserted in the contract. They said, "We will pay our subscriptions *provided* the hotel is plastered by December 1, 1887." Does not this proviso create a condition precedent that must be performed before any liability to pay their subscriptions could attach to the subscribers? And must not the condition be performed according to the stipulation of the contract, as to time, as well as to all other particulars? We think so.

In *Warren v. Bean*, 6 Wis. 120, the court says: "Where a party contracts to perform certain work or labor in a specified manner, and by a specified time, the *time* is as much the essence of the contract as the *manner* in which the work or labor is to be performed." This was an action on a contract, under which the plaintiff agreed to do certain work on a lumber slide on the Wisconsin river during the winter months of 1851. He failed to show on the trial that he completed the job during the winter months of 1851, but recovered a judgment, which was reversed, the court saying: "On an examination of this agreement, we have no kind of doubt but the plaintiff's right to recover depended upon his performing the contract on his part according to its terms, or his showing some good excuse for not doing so."

In *Allen v. Inhabitants of Cooper*, 22 Me. 135, the court declares, that "if there was an agreement in the first instance, as to the time within which the contract was to be performed, and there has been no waiver of it, *time* is of the *essence* of the contract. The contract in this case was for laying out and building a public road, and the work was to be done within that and the next year. On the trial below the court was asked to instruct the jury that time was of the essence of

the contract, but the court refused to give such instruction. A judgment was had for the plaintiff, and reversed, because it did not appear that the plaintiff had performed in time, though the road was used by the public.

The case of *Jones v. United States*, 96 U. S. 24, was upon a contract for the supply of cloth. By the terms of the contract, the cloth was to be delivered in installments of a certain number of yards per month. Several installments of the cloth were delivered on time and paid for. The mill then burned down. Jones got other parties to make the cloth for him, but his delivery was delayed beyond the time specified in the contract. In the meantime cloth of like kind and quality had declined in price, and the quartermaster refused to accept and pay for the balance of the cloth, and the court held that *time* was of the essence of the contract, and the quartermaster was not bound to accept and pay for the cloth, because not delivered according to the stipulations in the contract.

Bishop on Contracts, § 1344, says: "And, in general, in a court of law, the time within which a contract is to be performed is as much the essence of it as any other part." In *Cromwell v. Wilkinson*, 18 Ind. 365, the court says: "At law, time is of the essence of the contract, and strict performance is generally required." In that case there was an ordinary written contract, by the terms of which Wilkinson was to sell and deliver to Cromwell a certain number of hogs of a certain weight, between the 1st and 10th of December. Cromwell advanced $400. The hogs were not delivered according to contract. Cromwell sued to recover back his advancement. Judgment went against him for costs, and was reversed, because there was no showing on the trial that Wilkinson tendered the hogs in time under the conditions of the contract.

In *Potter v. Tuttle*, 22 Conn. 512, the court says that a court of equity will hold parties to the time fixed in their contract, unless there is a mistake or other excuse falling within the legitimate province of such court. It says:

"When parties have deliberately, by their agreements or covenants, fixed the time for the performance of an act, a

court of equity will be very cautious how it interferes in disregard of it, and will not do this, unless by reason of mistake, or for other cause falling within the legitimate province of such court, it shall see that essential justice demands the exercise of its jurisdiction."

It thus seems that under the law *time* should be considered essential in the condition precedent in this case.    We do not think there was any waiver in this case.    Nothing was done on said building on the strength of any statement of the defendant, outside of her contract, acknowledging liability.    The conditions had all been performed before any verbal promise to pay was made by defendant.    And besides, she supposed, at the time of her several verbal statements, that the building was completed according to contract, and was so informed by the plaintiffs.

There is another feature in this case that we think would require this court to affirm it, even if we should hold that time was not essential to the condition precedent of the contract. If the contention of the plaintiffs that *time* is not of the essence of condition precedent is true, and they were entitled to recover if they performed within a *reasonable* time, yet what was a *reasonable time* was a fact to be found by the court; and as the court made a general finding against the plaintiffs they are concluded by it, unless this court can say the evidence does not support the finding.    Some of the evidence shows the plastering was not even substantially completed until about the last of December, and not absolutely completed until some time after.    The evidence shows also that the hotel was substantially completed by the first of February, a month after it should have been under the strict letter of the contract, and that it was not absolutely completed until some time later. This matter of a reasonable time having been submitted to the court and found against the plaintiffs, this court cannot, under the facts as disclosed, say that the plastering was done within a reasonable time, nor that the building was completed

within a reasonable time under the contract, and therefore for this reason the case must be affirmed.

It is so recommended.

By the Court: It is so ordered.

All the Justices concurring.