McKey v. Lauflin.

---

· G. W. McKEY *et al.* v. WILLIAM LAUFLIN.

REPLEVIN—*Dismissal of Suit—Action for Damages.*  Where a party commences an action in replevin, obtains possession of the property in dispute, and then voluntarily dismisses his suit without prejudice, but still retains the property secured under the order of delivery, the defendant may maintain an action upon the replevin bond, if the title to such property be in him, and recover damages for the value of the property so taken.

*Error from Elk District Court.*

THE opinion states the case.

*Douthitt & Ayres*, for plaintiffs in error.

Opinion by GREEN, C.: William Stow, one of the plaintiffs in error, brought an action in replevin in the district court of Elk county to recover the possession of a mule, which he alleged was worth $70; he gave an undertaking, as required by the statute, obtained an order of delivery and through it secured the possession of the mule, and then dismissed his action without prejudice. The defendant in error commenced this action in the district court of Elk county upon the replevin bond, alleging the institution of the replevin action, the giving of the bond, the obtaining possession of the mule, and the dismissal of the action; that the mule was worth $75; that the value of the mule as a work animal was 50 cents a day; that Stow, one of the defendants, had had the use of the mule for 408 days, and asked damages on the bond in the sum of $279, and for attorney's fees. The plaintiff did not allege that he was the owner of the mule. William Stow, one of the defendants, answered that he was the owner of the property replevied, under and by virtue of a chattel mortgage, and was entitled to the possession of the same; and further alleged, that the plaintiff was not the owner of the property in controversy. A jury was waived, and the court found that the value of the property replevied was $40, and gave judgment for that amount against the defendants upon the bond.

It is urged by the plaintiffs in error, that because the plaintiff below did not allege in his petition that he was the owner of the mule the evidence offered as to the value of the mule was irrelevant and immaterial, and that he could not, under the averments of his petition, recover the value of the animal. The sufficiency of the petition was not challenged; the parties went to trial and introduced evidence as to the title and value of the mule, without objection. The pleadings were treated as if the issues had been properly made, and we do not think the plaintiffs in error can now object to the petition.

It is true that the defendant in the original replevin suit had a right to have his title to the property tried, notwithstanding the dismissal by the plaintiff. (*McVey v. Burns*, 14 Kas. 291.) But if he does not exercise such right, he is not precluded from his remedy on the bond.

"One of the conditions of the bond is that the plaintiff shall duly prosecute his action. That is a separate and independent condition. Upon breach of that condition the defendant is entitled to recover all damages he has sustained thereby. The fact that he had not pursued one remedy given by the statute does not deprive him of the general remedy upon the bond; and as the bond was conditioned that the plaintiff should prosecute the action, and as by the dismissal thereof plaintiff has so failed to prosecute, and as by means of the bond the plaintiff has obtained possession of the property apparently belonging to the defendant, the defendant is, *prima facie* at least, entitled to recovery of the sureties, the value of the property thus taken from him." (*Manning v. Manning*, 26 Kas. 101.)

We recommend an affirmance of the judgment.

By the Court: It is so ordered.

All the Justices concurring.