## J. R. BURTON v. ELVINA M. DECKER.

1. ACTION AGAINST SURETY — *Case, Followed.* The doctrine that a surety is a favorite of the law, and has a right to stand upon the precise terms of his obligation, as announced in *Henrie v. Buck*, 39 Kas. 381, applied and approved.

2. INSOLVENCY OF PLAINTIFF — *Parties.* The case of *Gerson v. Hanson*, 34 Kas. 590, holding that, within the spirit of the code, it is just and proper that all the parties to a joint and several undertaking should be made parties defendant in an action thereon, where the plaintiff is insolvent and one of the obligors has an unpaid judgment against the plaintiff which exceeds the alleged liability upon the undertaking, followed.

*Error from Dickinson District Court.*

ACTION by *Decker* against *Burton* and another. From an order dismissing the action as to Brady, defendant Burton brings error. The facts are stated in the opinion herein, filed January 5, 1895.

*Stambaugh & Hurd,* for plaintiff in error:

The judgment in favor of Brady against the Deckers should have been allowed as an offset or counterclaim against any amount that Mrs. Decker might have been entitled to re-

cover in this case. When she commenced her action on the appeal bond she failed to make Brady a party, obviously for the reason that he held a large judgment against her. If one of the parties to an undertaking of this character has a complete defense, or an offset or counterclaim which amounts to a complete defense, he is not only a proper party but a necessary party, and it is the duty of the court, upon proper application, to make him such. The court properly ordered Brady to be made a party defendant, and it was error to order the case dismissed as to him. See *Gerson v. Hanson,* 34 Kas. 590.

The judgment made no provision for the use or occupation of the property, and, under the law, could have made no such provision. Burton had a right to insist upon the express terms of the undertaking, all of which seems to be settled beyond controversy by the decision of this court in the case of *Henrie v. Buck,* 39 Kas. 382. See, also, Brandt, Sur., § 93; *Riddel v. School District,* 15 Kas. 168; *Edwards v. Ellis,* 27 id. 344; *Ryan v. Williams,* 29 id. 487; 17 Ohio, 565.

We claim the court erred in dismissing the action as to Brady, in excluding the evidence in regard to title, in excluding the evidence offered, and in rendering any judgment in favor of the plaintiff below.

*John H. Mahan,* for defendant in error:

Burton was not in a position to urge any set-off. The alleged set-off was, if any existed, assigned to him after the suit was begun, after his first answer.

If we had omitted the Keizers, who were principals on the bond, and they had owned a set-off growing out of the same transaction, and had Mrs. Decker also been shown or alleged to be insolvent, then the case would have come within the rule of *Gerson v. Hanson,* 34 Kas. 590. Brady was not principal on the bond. Burton could call on the Keizers for indemnity. They claimed no set-off against plaintiff. Brady, a surety, wanted to litigate a controversy existing between him-

39—54 KAS.

self personally and Mrs. Decker. The court declined to permit him, and it was no abuse of its discretion in making new parties.

This appeal bond is signed by the defendant in the detainer case, E. C. Keizer. There can be no doubt that he is liable under the statute, having had the benefit of his appeal. Is there a different obligation for the sureties? This court cites, in the case of *Henrie v. Buck*, 39 Kas. 382, the case of *Lang v. Pike*, 27 Ohio St. 498, as supporting the conclusion reached. In the case of *Lutt v. Sterrett*, 26 Kas. 561, in a very forcible manner this court repudiates the docrine of *Lang v. Pike*, and approves the view of Justice Johnson expressed in his dissenting opinion. In the Iowa case, cited in *Henrie v. Buck*, supra, as supporting the conclusion reached by this court, the undertaking did not embrace rents at all. In this case, as well as in the Buck case, the condition of the bond is, expressly, that the defendants shall pay to the plaintiff double the value of the use and occupation of the premises.

The Ohio supreme court, in *Alber v. Froehlich*, 39 Ohio St. 245, expressly overruled the decision in *Lang v. Pike*, 27 Ohio St. 498.

It is the doctrine of the best cases that, in construing a bond, the court must have recourse to the statutes in force and under which the bond is given. *Field v. Shricher*, 14 Iowa, 121; 13 Ill. 132; 66 id. 276.

The opinion of the court was delivered by

JOHNSTON, J.: Elvina M. Decker and her husband owned a tract of land upon which they resided as a homestead, and which had been mortgaged by them to J. H. Brady. They left it for a time, and while absent Brady, the mortgagee, put E. C. Keiser and William Keiser in possession of the same. Afterward, Elvina M. Decker brought an action against the Keisers in justice's court of forcible entry and detainer, and, on April 26, 1887, she recovered judgment for the possession of the land. An appeal was taken, and an appeal bond was given which was executed by E. C. Keiser, J. H. Brady,

and J. R. Burton.   A trial was had of the appeal in the dis-
trict court, which resulted in favor of Decker, when she at
once brought an action upon the appeal bond against E. C.
Keiser and J. R. Burton.   About a year before that time,
J. H. Brady had recovered a judgment against Elvina M.
Decker and Orr Decker, her husband, for the sum of $1,000,
and in the action upon the bond he made an application in
which he was joined by Burton to be made a party defend-
ant, and to be permitted to file an answer therein.   The ap-
plication was granted, and in his answer he set forth the
judgment which he had recovered, and asked that it should be
set off against the claim of the plaintiff.   Burton filed a like
answer, alleging that he signed the appeal bond at the request
and for the benefit of Brady, who was the real party in in-
terest in the action wherein it was given; and he further al-
leged, that Brady, who also signed the bond and had agreed
to hold him harmless, had a claim against the plaintiff which
was largely in excess of her claim upon the bond, and that
her claim, if any she had, should be credited upon the
amount for which she was indebted to Brady.   The plaintiff
filed a reply to each of these answers, and subsequently the
court, on motion of the plaintiff, dismissed the action as to
Brady, and the trial proceeded against Burton alone, who
complains.

We think there was just cause to complain of this ruling.
While the appeal bond is joint and several, and ordinarily an
action thereon may be brought and prosecuted against any one
or all of the obligors, at the option of the plaintiff, yet it was
just and equitable to grant the application of Brady, allowing
him to be made a party defendant, and to set up the judgment
which he held against plaintiff.   According to the averments
of the defendants, Brady was the real party concerned in the
controversy with respect to the possession of the land.   Al-
most a year before the commencement of the action upon the
appeal bond, he had obtained a judgment against the plain-
tiff which exceeded the amount claimed by plaintiff.   That
judgment is alleged to be unpaid, is a proper subject of set-

off, and it is further avered that the plaintiff is wholly insolvent. In a similar action against sureties upon an undertaking, the court held that, upon equitable principles and within the spirit of the code, it was proper that the principal upon the bond should be made a party defendant, and, for the protection of his co-obligors, set up a judgment claim which he held against the plaintiff. It was said that

"If Wilson [who was the principal] were not permitted to be made a party defendant, the plaintiff would recover of his sureties, and such sureties would be entitled to be reimbursed by Wilson, and his judgment against Lightbody would be no set-off or counterclaim. If this were done, the rights of Wilson would be greatly prejudiced. Under some circumstances the rights of the sureties might also be prejudiced. It would be gross injustice to permit the plaintiff to recover of Hanson and Lehman, the sureties of Wilson, and then have the sureties recover of Wilson, so long as Wilson's judgment against Lightbody remains unpaid and Lightbody continues insolvent. If the district court had not permitted Wilson to be made a party defendant, it would be necessary for him to bring an original action against all the parties, seeking thereby relief for his sureties. As he might do this in another action, we think, within the spirit and language of the code, the court properly permitted him to be made a defendant, and having all the parties before it, can properly dispose of the controversy between them upon its merits, without prejudice to the rights of others." (*Gerson v. Hanson*, 34 Kas. 593.)

So, here, it would be unjust to permit Decker to recover of Burton, when Brady, his co-surety, at whose instance Burton signed the bond, held an unsatisfied judgment against Decker, and especially so where Decker is insolvent. It is true that Brady was not the principal upon the bond, but it is alleged that he procured it to be given, and, besides, as there is contribution between sureties, the principle invoked and applied in the Gerson case is equally applicable here. Brady was properly made a party, and having joined issue, and all the parties interested in the controversy being before the court, we think it was unjust and an abuse of discretion to dismiss him from court and proceed alone against one of the sureties.

The judgment that was rendered for the value of the use and occupation of the property is not justified by the undertaking that was given. It provided in effect that the obligors should pay double the value of the use and occupation of such property, as the judgment in that action might provide. The language of the undertaking is the same as was employed in the case of *Henrie v. Buck*, 39 Kas. 381, wherein it was held that, as no such provision was or could be made in the judgment, and as the obligors have a right to stand upon the exact letter of the undertaking, no liability for use and occupation could be enforced against them. The decision was based upon the principle that sureties are favorites of the law, and have a right to stand upon the precise terms of their obligations. It is well settled that their liability cannot be extended by implication, nor enlarged beyond their specific agreements. (*Riddel v. School District*, 15 Kas. 168; *Hays v. Closon*, 20 id. 120; *Edwards v. Ellis*, 27 id. 487; *Kepley v. Carter*, 49 id. 72, 80; Brandt, Sur., § 93.)

The doctrine of *Lutt v. Sterrett*, 26 Kas. 561, which criticises and condemns the case of *Lang v. Pike*, 27 Ohio St. 498, is not in conflict with the doctrine of the authorities above cited. The language of the bond in that case did not limit the liability of the obligors as that of the undertaking in the present case does. In that case judgment was rendered against two defendants, and the obligors upon the appeal bond agreed that they would satisfy such judgment as might be rendered against the defendants on the appeal. As judgment was only rendered against one of them upon the appeal, the sureties attempted to avoid liability for that reason, but it was held that, as the bond was a joint and several liability and each defendant was entitled to a separate trial, the appeal should be treated as a several appeal, and the surety was therefore properly held to be liable. It may be further observed, that the surety was fairly liable, within the language of that bond, while in the present case no liability for the value of the use and occupation of the premises is found, within the words of the undertaking. In no event can there

be any liability against the sureties upon the undertaking in the present case beyond the costs which accrued in the forcible entry and detention case. It follows from what has been said that the judgment of the district court must be reversed, and the cause remanded for a new trial.

All the Justices concurring.