THE CITIZENS' STATE BANK *et al.* v. J. C. O. MORSE, *Sheriff, etc.*

**No. 11198.**

1. REPLEVIN—*Undertaking Construed.* It was one of the conditions of a replevin bond that the plaintiff would duly prosecute the action. A trial was had in the district court about seven months after the action was commenced, and a general verdict returned for the defendant, upon which the court rendered judgment against the plaintiff for costs, which was paid. *Held*, that the condition duly to prosecute the action was satisfied, and that there was no breach of said condition by reason of the verdict and judgment.

2. ―――― *Judgment for Costs Only—Sureties not Liable for Value of Property.* In addition to the condition above mentioned, the bond contained two others to the effect that plaintiff would pay all costs and damages which might be awarded against it, and that if a return of the property be adjudged, it would deliver the same to the defendant. The plaintiff obtained possession of the property, no redelivery bond being given. *Held*, that on a judgment against the plaintiff for costs only, which it paid, there could be no recovery by the defendant in an independent action on the bond for the value of the property.

Error from Sumner district court; W. T. MCBRIDE, judge. Opinion filed May 6, 1899. Reversed.

*George & Schwinn*, for plaintiffs in error.

*James Lawrence, Levi Ferguson, James A. Ray*, and *C. E. Elliott*, for defendant in error.

The opinion of the court was delivered by

SMITH, J. : The Citizens' State Bank commenced an action of replevin against J. C. O. Morse, sheriff of Sumner county, for the recovery of 'the possession of certain personal property levied on by him as such sheriff, and prayed in its petition for a return of the property or judgment for its value, $3423.41, in case a return thereof could not be had. The replevin un-

dertaking given by the bank contained these conditions :

"Now we, the undersigned, residents of said county and state, bind ourselves to said defendant in the sum of $6850 that the plaintiff shall duly prosecute the above action and pay all costs and damages that may be awarded against him, and if a return of the property therein delivered to him be adjudged, that he will deliver the same to said defendant."

The bond was signed by the bank as principal and by F. K. Robbins as surety. The property in controversy was delivered to the bank and it has since had possession of the same. The defendant in that suit, Morse, answered by general denial. The action was tried, and the jury rendered a verdict as follows : "We, the jury impaneled and sworn in the above-entitled action, do, upon our oaths, find for the defendant."

The jury returned with the verdict answers to certain particular questions of fact. The plaintiff bank filed motions for judgment on the findings and for a new trial, both of which were denied. Thereupon the attorneys for the defendant applied to the court for judgment upon the verdict for costs, which was granted, and a judgment rendered against the bank for the costs of the action, taxed at $303.95.

The bank then commenced proceedings in error in this court to reverse the judgment. Later it dismissed its petition in error here and paid the judgment for costs against it in the district court for the amount above mentioned. Soon thereafter this action was brought by the sheriff for the use and benefit of various creditors interested in the property, for whom he was holding the same under several executions at the time it was replevied. The action is upon the replevin bond, and it is alleged that there was a breach thereof because the bank and its surety on said bond had

not returned the property or the value thereof to said Morse upon demand, and that the Citizens' State Bank, the plaintiff in that suit, had failed duly to prosecute its said action of replevin to a successful issue, having failed on the merits in the court below and having dismissed its petition in error in this court. The petition prayed judgment for the sum of $3374.83, the value of said property. The petition set out all the proceedings, pleadings, findings, verdict and judgment for costs in the former suit. To this petition a general demurrer, filed by the bank and Robbins, was overruled, and they assign error.

The obligation of the replevin bond is divided into three parts : (1) That the plaintiff should duly prosecute the action ; (2) that it should pay all costs and damages that might be awarded against it; (3) that if a return of the property therein delivered to it be adjudged it would deliver the same to the defendant. We will consider these obligations in their order.

Did the plaintiff bank duly prosecute the replevin suit? It is contended by counsel for defendant in error that the words "duly prosecute" are synonymous with "prosecute to effect." We do not concur in this view. The word "duly" is defined : "In due time or proper manner ; in accordance with what is right, required, or suitable ; fittingly, becomingly, regular" (Stand. Dict.) ; "in due manner, when, or as due ; agreeable to obligation or propriety, exactly, fittingly, properly" (Cent. Dict.) In *Morrison v. Wells*, 48 Kan. 494, 29 Pac. 601, there was a recital that plaintiffs had duly filed their motion. The court said : "The word 'duly' means properly, regularly, and in this connection indicates that the motion was regularly and properly filed." "Duly" in legal parlance means "according to law." (*Brownell v. Greenwich*,

114 N. Y. 518, 22 N. E. 24; 10 A. & E. Encycl. of L., 2d ed., 315.) The defendants in error insist that the failure of the bank to obtain a judgment in its favor was a breach of this condition of the bond, for the reasons that the words "duly prosecute" mean that the action shall be prosecuted successfully, and that, the plaintiff being defeated in the suit, the action was not "duly prosecuted" by it. The cases cited to sustain this position, except one, are based upon statutes different from ours, and upon conditions in replevin bonds which bind the plaintiff to prosecute the action with effect. In the case of *Biddinger v. Pratt*, 50 Ohio St. 719, 35 N. E. 795, cited by defendant in error, there is, however, a *dictum* that the words "duly prosecute" mean "to prosecute to effect." In that case the action was dismissed out of court for want of jurisdiction, and the sureties on the bond held liable. In Cobbey on Replevin, section 1260, it is said: "A verdict for a defendant is in effect a finding that the plaintiff wrongfully took the property, that the defendant is entitled to the possession of it, and that there has been a breach of the replevin bond in that the action has not been prosecuted with effect." See also *Cox v. Sargent*, 10 Colo. App. 1, 50 Pac. 201; Cobbey, Repl., §§ 1253, 1254; *Boom v. St. Paul Foundry and Manufg. Co.*, 33 Minn. 253, 22 N. W. 538.

Conforming 'the petition, affidavit and bond to the statutory requirements, the plaintiff bank brought the replevin action in due form, and prosecuted the same with proper diligence to verdict and to a judgment. The suit was commenced in February and tried in November in the same year. The conditions of the bond would have been broken by unnecessary delay to prosecute without good cause, although no judgment was entered. (Cobbey, Repl., § 1252.) A dismissal of the

34—60 KAN.

action by the bank would have been a breach of this condition in the bond, showing an intention not to proceed with the case, being a failure duly to prosecute the action, but the returning of a verdict and the rendition of a judgment for costs, after a contest in court, is at variance with the assertion that the plaintiff did not duly prosecute the case, and we are clearly of the opionion that the condition duly to prosecute the action was satisfied.

The second obligation of the bond was met by the payment of the judgment for costs awarded in favor of Morse against the bank.

The third obligation, that if a return of the property therein delivered to the plaintiff in the action be adjudged it would redeliver the same to the defendant, presents the question whether, in the absence of a judgment for redelivery, an action can be maintained on the bond. It will be noticed that the attorneys for the defendant Morse in the replevin suit, after a general verdict had been returned in his favor by the jury, applied to the court for judgment against the bank for costs, which application was sustained and such a judgment rendered in the cause as they desired. The court had power to render a judgment on the verdict in the alternative for the return of the property or the value thereof, the amount of which was admitted, in case a return of the same could not be had. (*Marix v. Franke*, 9 Kan. 132; *McVey v. Burns*, 14 id. 292; *Hall v. Jenness*, 6 id. 356.) The party executing the bond and the surety are entitled to have their contract strictly construed. (*Burton v. Decker*, 54 Kan. 608, 38 Pac. 783.) The condition in the bond was that the plaintiff in the replevin action would return the property if the return thereof should be adjudged. No adjudication was had as to the return of the property.

A verdict for the defendant for costs was not an adjudi-
cation. "A verdict without a judgment entered upon
it is of no validity either as an estoppel nor as evi-
dence." (2 Black, Judgts., § 682; *Saylor v. Hicks*, 36 Pa.
St. 392; *Smith v. McCool*, 16 Wall. 560.) In our prac-
tice the verdict may be in favor of one party and the
judgment be entered for another. (Gen. Stat. 1897,
ch. 95, §§ 407, 408; Gen. Stat. 1889, ¶ ¶ 4506, 4507.)

The reasoning in *Thomas v. Irwin*, 90 Ind. 557,.
meets with our approval. The facts in that case
were substantially like the case at bar., The plaintiff
in replevin gave a bond, as required by statute, and
secured possession of the property involved. A ver-
dict and judgment for defendants were rendered, but
no provision made adjudging the return of the prop-
erty. It was held that the sureties on the bond were·
not liable. The court said :

"The difficulty arises out of the fact that the judg-
ment in the replevin action did not provide for a re-
turn of the property. Judgments and not verdicts
rule causes. The verdict in the replevin action ex-
erts no controlling influence in this collateral pro-
ceeding, for in it the rights of the parties are to be
measured by the judgment, and we cannot overleap
it and act upon the verdict. Nor can we here inquire
whether the judgment was right or wrong. . . .
It is a general rule that sureties are not to be held be-
yond the terms of their contract, and a statutory un-
dertaking must be construed so as to give effect to
the terms employed. The liability of the surety on
the bond in suit is, by the terms employed, limited'
to three things : The due prosecution of the action,
the return of the property if a return be adjudged,
and the payment of such sums of money as may be
recovered against the plaintiff. These are independ-.
ent things. If a complaint should charge a failure
to prosecute, and a recovery of damages, it would
certainly not be a sufficient answer to aver that

the property had been returned; and, on the other hand, if a return had been adjudged in such a case, it would not be sufficient to answer payment of costs and damages. The question is, however, so well settled by authority, that we deem it unnecessary to enter upon a discussion of this point, and content ourselves with quoting from a recent treatise the following statement of the rule : 'These conditions have always been treated as independent, and if either was not complied with the bond was forfeited.' (2 Sutherland, Dam. 42.) . . . A surety cannot be held for a thing he did not undertake to perform, and in this case the surety did not undertake to be responsible for the return of the property unless a return should be adjudged by the court. This is, as we have shown, an independent condition, and no liability can be fastened on the surety unless it is made to appear that the act alleged to constitute the breach is within the terms of the condition. We are unable to perceive how a failure to return the property can constitute a breach in a case where there has been no judgment for a return. The undertaking is not a general one for the return of the property, but is an undertaking for the return in case it shall be so adjudged, and the contract of the surety is, therefore, restricted and limited by the terms of the instrument. The liability of the surety depends upon the judgment, for unless a judgment is entered awarding a return, the case is not within the contract; to bring the case within the terms of the contract, it must be made to appear that the court had awarded a return. To hold the surety liable for a failure to return where no return had been adjudged, would be to hold him in a case not within the spirit or letter of his undertaking." See also *Gallarati v. Orser*, 27 N. Y. 324; *Chambers v. Waters*, 7 Cal. 390.

The case of *Marix v. Franke*, supra, is cited as an authority permitting this action on the bond to be maintained. In that case there was a judgment rendered by the court on the verdict that the plaintiff re-

cover from the defendant the personal property in the petition described, and on a failure of the defendant to return the property an action was brought upon the undertaking to recover its value. The court says : "The condition indicated that Schott should deliver the property if delivery be adjudged. Delivery was adjudged. Schott has not delivered. By the plain language of the undertaking the liability thereon has arisen." In that case it will be seen that the liability on the bond was based upon the judgment of the court.

The case of *Manning v. Manning*, 26 Kan. 98, cited by defendant in error, decides nothing more than that where the plaintiff in replevin, having obtained possession of the property, dismissed his action, defendant may recover upon the bond in an independent suit, upon the ground that that condition of the undertaking to the effect that the plaintiff should duly prosecute the action had been broken.

The defendant in error cites section 1159 of Cobbey on Replevin, which lays down the doctrine that a judgment in replevin in favor of defendant is a solemn legal adjudication that the defendant, and not the plaintiff, was entitled to the property, and it gives him all legal remedies not prohibited by statute ; to obtain possession of the property, or its value, he may pursue the bond or bring trover. The only authority cited by the author in support of this principle is the case of *Smith v. Demarris*, 39 Mich. 14. In that case a trial· of the action was had upon the merits and judgment rendered in favor of the defendants for the return of the property, and after execution had been issued and returned unsatisfied it was held that the defendant might bring and maintain an action of trover to recover the value of the property. The court in that case was discussing a question where the de-

fendant in the action had recovered a judgment for something more than the costs against the plaintiff. We quote with approval the language of Mr. Justice Valentine, in *Kayser v. Bauer*, 5 Kan. 202: "The defendant has a right, when the verdict is in his favor, to take a judgment for the return of the property to him, or for the value thereof in case a return cannot be had, and he is bound at his peril to see that the judgment is rendered as he desires it." If the defendant, however, take a judgment for the return of the property he can, under the authority of *Marix v. Franke*, supra, maintain an action on the bond for the value thereof. If the replevin action had been dismissed without a trial on the merits, or if there had been a judgment in the replevin action against the plaintiff for the return of the property, or for its value, in the alternative, or if there had been a judgment in the replevin action for the return of the property alone, or for the value of the property alone, an action could have been maintained upon the bond.

If the broad construction contended for by defendant in error be placed upon the condition of the replevin bond requiring the plaintiff duly to prosecute the action, then said condition is made to comprehend all that the surety binds himself to do in the conditions which follow. If his theory be adopted, the adjudication of costs and damages awarded against the plaintiff in a replevin suit, or a judgment for the return of the property or for its value, would show that plaintiff had not prosecuted the action successfully, and that the condition of the bond would be violated which bound the plaintiff duly to prosecute the action.

We would prefer to affirm the judgment of the court below, if we could do so without violating established precedents; but reason and authority are with the

plaintiffs in error, and their application to this case demands a reversal of the judgment. The judgment of the district court will be reversed, with directions to sustain the demurrer to the petition.