THE CENTRAL NATIONAL BANK OF TOPEKA, KANSAS, v. T. R. BROOKE.

No. 14,259.   (81 Pac. 498.)

SYLLABUS BY THE COURT.

REPLEVIN—*Proper Parties Defendant*. If an action in replevin is properly brought in a county where the property is wrongfully held by an agent, who is made a party defendant and is properly summoned, a summons may issue and service be had in another county upon the agent's principal, who claims the right to the possession of the property as against the plaintiff.

Error from Ellis district court; JAMES H. REEDER, judge. Opinion filed July 7, 1905. Affirmed.

*Gleed, Ware & Gleed,* and *A. D. Gilkeson,* for plaintiff in error.

*W. E. Saum,* for defendant in error.

The opinion of the court was delivered by

GREENE, J.: This was an action brought in the district court of Ellis county by T. R. Brooke against the Central National Bank of Topeka, J. H. Wood, and

William Quail, jr., to recover the possession of certain cattle that were at the time in the possession of Quail. Service was had on Quail in Ellis county, where the cattle were being held by him. Summons was issued to the sheriff of Shawnee county and served on the defendant, the Central National Bank, for which Quail held the cattle. There was no order of delivery served on the bank, but it gave a redelivery bond and retained the cattle. Quail filed a disclaimer. The bank moved to dismiss the action as to it for want of service, contending that Quail was not a necessary or proper party defendant, and, therefore, summons could not be issued and served on it in a county other than the one in which the action was brought. The court denied this motion, a trial was had, and judgment rendered for plaintiff for a return of the cattle or the value thereof. From this judgment the bank prosecutes error.

The main contention of the bank is that the court erred in denying its motion to dismiss for want of proper service of summons. An action of replevin is in its nature possessory, and one in the actual possession of property is a proper party defendant. In such an action the plaintiff may be entitled to relief other than the mere return of the property; he may also obtain substantial damages for the wrongful detention. In the present case the plaintiff, if he sustained such damages, might recover the depreciation in the value of the cattle while wrongfully detained. For such purpose it was proper to make all persons for whom Quail acted in holding the cattle joint defendants with him. Possession and detention by Quail were possession and detention by the bank, and in order that the plaintiff might obtain in one action all the relief to which he was entitled the bank was a proper party defendant; and the court having obtained jurisdiction of Quail—who was a joint wrongdoer with the bank in holding the cattle—in Ellis

county, summons was properly issued and served on the bank in Shawnee county. The refusal of Quail to surrender possession of the property on demand, while holding as agent for the bank, was the refusal of the bank. A person in actual possession of personal property, and refusing to deliver it to the owner on demand, is a proper party in an action of replevin, whether he claims to hold for himself or another.

A contention is urged that the verdict of the jury was rendered under the influence of prejudice and passion. There is nothing in the record that discloses the existence of such fact.

Another contention is that the court refused to permit the defendant to show the expense of keeping the cattle while in the possession of Quail. If the possession by Quail was wrongful, he cannot recover against the owner for his expense while wrongfully detaining the property. One can never found a right of recovery upon his own wrongful act.

The judgment of the court is affirmed.

All the Justices concurring.