No. 36,616

C. E. BOLLER and T. P. QUINN, *Appellants*, v. J. E. DAVIS and C. W. ALBRIGHT, *Appellees*.

(174 P. 2d 1008)

Opinion filed December 7, 1946.

*Matt Guilfoyle* and *John H. Lehman*, both of Abilene, were on the briefs for the appellants.

*W. H. Alward*, of Herington, was on the briefs for appellee J. E. Davis; *Carey E. Carroll* and *A. E. Carroll*, both of Alma, were on the briefs for appellee C. W. Albright.

The opinion of the court was delivered by

THIELE, J.: This was an action on a replevin bond to recover damages. The trial court sustained a demurrer to plaintiffs' opening statement and they appeal.

As two actions are involved, we shall refer to the parties by their surnames. The record as abstracted discloses the following:

On July 19, 1945, Davis filed in the justice of the peace court a replevin affidavit alleging he was the owner of an automatic phonograph and a pinball machine of the actual value of $600 and entitled to the immediate possession thereof, and that the property was wrongfully detained from him by Quinn and Boller. Other statutory allegations were also made. A replevin bond in the sum of $1,200, containing the statutory conditions, signed by Davis and Albright was filed, and a replevin summons was issued. Other papers were also filed but we need not mention them. On July 31, 1945, Quinn and Boller appeared specially in the justice of the peace court and moved to dismiss the action because the value of the property replevined as fixed by the replevin affidavit was greater than the amount allowed by law for the jurisdiction of justices of the peace. The justice of the peace allowed the motion and dismissed the action. Davis did nothing further to establish his right to the property, either by way of appeal or by commencement of any other action.

At a later date, not disclosed by the record, Boller and Quinn commenced an action in the district court against Davis and Albright. Briefly stated, their petition alleged that Davis had commenced the action in the justice of the peace court and had caused that court to issue an attachment (replevin) order at the commencement of that action and that under that order the constable had taken possession of the automatic phonograph and pinball machine; that Boller and Quinn were the owners and entitled to the possession thereof and Davis was not entitled to possession; that on July 31, 1945, Boller and Quinn appeared to defend, and the justice of the peace dismissed the action; that Davis did not appeal and failed to return the property to Boller and Quinn and ever since July 19, 1945, had deprived them of possession. Then follow allegations of the execution and filing of the bond in replevin, and the conditions thereof, a copy of the bond being attached as an exhibit. Further allegations as to the value of the property and as to damages sustained are not of present importance.

We note Davis's answer only to state that it alleged he was the owner of the property in question; that he commenced the action in the justice of the peace court and that possession of the property was delivered to him; that Boller and Quinn had appeared specially and the justice of the peace had dismissed the action; that there was no trial of the question of ownership and no request by Boller and Quinn that the court render a judgment requiring a return of the

property then in his hands. He made a part of his answer all of the pleadings filed in the justice of the peace court. Davis further alleged that Boller and Quinn had never made any demand for return of the property, and that at no time did they ever have any interest therein which would form a defense to the action which he commenced; that they had no right of possession and he had done nothing which would make him liable under the bond filed in the justice of the peace court.

Albright filed an answer containing a general denial and an admission that he signed the bond as a surety.

When the cause came on for trial the parties filed a stipulation that the justice of the peace need not be present to identify the records from his court. As a part of their opening statement Boller and Quinn handed to the court the files from the justice of the peace court and stated at length the facts giving rise to the action. At the conclusion of the statement Davis demurred generally and Albright moved for judgment on the pleadings and opening statement. The trial court stated the proceedings before the justice of the peace were void; that they could not be half void and half good; that all were beyond the jurisdiction of a justice of the peace who could not even approve a $1,200 bond; that the bond was void and no suit could be maintained upon it, and it sustained Davis's demurrer and Albright's motion for judgment, and dismissed plaintiffs' action. The appeal by Boller and Quinn followed.

It may be noted that the appellees do not contend that appellants, in their opening statement, made any admissions which precluded their recovery. The question presented and argued is whether an action may be maintained on a bond in replevin where the court in which the replevin action was filed had no jurisdiction of the action. In support of the trial court's rulings, appellees direct our attention to a note found in 14 Am. Dec. 103, where the decision in *Harris v. Simpson*, 4 Littell 165 (Ky.), is reported, and to some other similar cases, holding generally that a bond, given in a proceeding where the court had no jurisdiction of the action, is a nullity and no action lies for a breach of its condition, and further that a party executing a bond and his surety are entitled to have their contract as evidenced by the bond strictly construed (*Bank v. Morse*, 60 Kan. 526, 57 Pac. 115); that appellants caused the action in the justice of the peace court to be dismissed without requesting any order that the involved personal property be returned to them, and

that they are now estopped to assert that appellees did not duly prosecute the action in replevin. Appellants assert that the rule relied on by appellees in the trial court and reasserted here is a minority rule, and they direct our attention to authorities so holding.

The principal case relied upon by appellees is *Caffrey v. Dudgeon,* 38 Ind. 512, 10 Am. Rep. 126 (1872), where it was held that in a replevin action to recover property the claimed value of which was in excess of the court's jurisdiction, the court had no jurisdiction, could not approve the bond, issue the writ or take any action in the premises and that the bond approved by the justice in such a case was void and no action could be maintained. In that opinion it was said:

"The argument which has been pressed upon our consideration, that an affirmance of the judgment would produce great injustice and hardship to the appellant, can have no force with us, when our duty is plainly marked out and clearly defined by the repeated decisions of this and other courts. Our statutes have prescribed the powers, defined the duties, and fixed the boundaries to the jurisdiction of justices of the peace. These statutes must be respected. The court cannot change the law. We can only administer it. Every officer is presumed to know his duty. If he does not, and transcends his powers, the responsibility rests with him and those who evoked the exercise of unauthorized powers. The better and safer rule is to hold all public officers to a rigid and faithful discharge of their duties as defined by law, and to discourage the exercise of unauthorized powers. The conclusion that we have reached does not deprive the appellant of a remedy, for the justice of the peace who issued the writ, the plaintiff in that action who procured him to issue it, and the officer who served it, if the want of jurisdiction appeared on the face of the writ, were trespassers, and as such are liable for the consequences of their wrongful and illegal acts." (1. c. 521.)

Appellees also direct our attention to *Benedict v. Bray,* 2 Cal. 251 (1852), holding that a bond, given in an attachment action wherein the justice of the peace had no jurisdiction, was void, and that no action could be maintained on that bond. We shall not follow this case further but we do note that in *McDermott v. Isbell,* 4 Cal. 113 (1854), it was held that in an action on a replevin bond, the fact the defendant had commenced his action before a tribunal incompetent to try the matter in dispute constituted no defense, it being said in the opinion that a party who avails himself of the process of an inferior court cannot escape the responsibility of his own act, upon the ground that such tribunal had no jurisdiction over the subject matter in controversy.

We note also that in *Robinson v. Bonjour,* 16 Colo. App. 458, 66

Pac. 451 (1901), it was held that a justice of the peace had no jurisdiction in a replevin suit where the value of the property exceeded $400 and his judgment in such a suit was a nullity, and no action would lie on the bond.

In Shinn on Replevin (1899), section 820, p. 730, it is stated that in an action on a replevin bond the defendant cannot set up as a defense that the court in which the action was brought was without jurisdiction.

In *Fahnestock v. Gilham,* 77 Ill. 637 (1875), it was held that where a defendant had invoked the jurisdiction of a justice of the peace in replevin and executed a bond to avail himself of it, he cannot, in an action on the bond, make a defense that the justice of the peace had no jurisdiction. "He is estopped by his own act and admission." (p. 640.) And to the same effect is *Bierma v. Columbia Typewriter Mfg. Co.,* 179 Ill. App. 69 (1913).

In *Biddinger v. Pratt,* 50 Ohio St. 719, 35 N. E. 795 (1893), it was held that an action may be maintained upon a replevin bond conditioned that the plaintiff will duly prosecute the action, notwithstanding the original action was dismissed, on motion of the defendant, on the ground that the justice of the peace had no jurisdiction.

No Kansas case dealing with the precise point involved in this appeal has been brought to our attention, nor has our research disclosed any, but on principle, the reasoning in our decision in *Duff v. Read,* 74 Kan. 730, 88 Pac. 263, is applicable. There Duff caused an execution to issue on a void judgment, and under the execution property belonging to Read was seized. He brought an action for damages, and Duff sought to show the judgment and writ of execution in the previous action. In disposing of a contention that the writ of execution was regular on its face and that the acts complained of were within the scope and duties of the constable, it was said that Duff was presumed to have known the facts and that he had procured a void judgment, and had caused execution to issue on it and—

"Where a levy is made by an officer under a process which is irregular, unauthorized or void, the party suing out the process is a trespasser, and in such a case the officer becomes the agent of such party. [Citing cases.]" (l. c. 734.)

We think it ought not to be held that where a person commences an action for replevin of personal property, and files a bond pre-

requisite to obtaining a writ of replevin, which writ is issued and the property is seized and delivered to him, he should be permitted in an action on that bond to say the court in which it was filed had no jurisdiction, the bond was a complete nullity and that he and his bondsmen have no liability thereon. We cannot agree that the person who has been wronged must look to the justice of the peace and the constable for any damages he may have sustained, because they acted in excess of their powers. We do not now hold that they are not liable for that question is not before us. But Davis and Albright knew, when the replevin action was commenced and when the bond was filed, that the justice of the peace had no jurisdiction, and notwithstanding, they put in action a course of legal proceedings which resulted in Boller and Quinn losing possession of the personal property claimed by them to be their property. In our opinion, sound reasoning and the weight of authority compels a conclusion that no person should be permitted to take the advantages accruing to him by reason of an action commenced by him and escape any liabilities to which he may be subject if the seizure of the property and what is thereafter done violates the conditions of the bond.

Appellees also present some argument that the dismissal of the replevin action was caused by the defendants in that action and that they may not now claim the plaintiffs failed to "duly prosecute" the action. In disposing of this contention we shall not attempt a review of all our decisions from which analogies may be drawn.

In the early case of *Manning v. Manning,* 26 Kan. 98, it was held that a defendant in a replevin action has a right, notwithstanding dismissal by the plaintiff, to an inquiry into and an adjudication of his right in the property, but that that was not his only remedy, for after a voluntary dismissal he might commence an independent action on the bond.

In *McKey v. Lauflin,* 48 Kan. 581, 30 Pac. 16, it was held that where a party commences an action in replevin and obtains possession of the property in dispute and then voluntarily dismisses his action without prejudice, but still retains the property secured by the writ, the defendant may maintain an action on the replevin bond.

In *Little v. Bliss,* 55 Kan. 94, 39 Pac. 1025, may be found a rather long statement of facts. For our purposes we note only the

following. Mrs. Mackey brought a replevin action against Bliss and the property was taken under the writ. When the case came on for trial Bliss appeared but Mrs. Mackey did not and the case was dismissed for want of prosecution. It was contended that Bliss was at fault in not pursuing his rights in the replevin action. This court held if he did not pursue his remedies at that time he was not precluded of his full remedy upon the bond.

In *Bank v. Morse,* 60 Kan. 526, 57 Pac. 115, this court considered the three obligations of a replevin bond. Although there was some discussion of the words "duly prosecute," the decision of the court was limited to the facts of the case and it was said that a trial and verdict seven months after the action was commenced satisfied the condition of the bond that plaintiff "duly prosecute" the action. The court did say, however, that a dismissal of the action by the plaintiff showing an intention not to proceed with the case would have been a breach of the bond (l. c. 530). It was further said that if the replevin action had been dismissed without trial on the merits, an action could have been maintained on the bond (l. c. 534). And see, also, 46 Am. Jur., p. 81, § 151; 54 C. J., p. 635, § 399.

Under the reasoning of the above decisions, we think that where plaintiff commences a replevin action, files his bond and has a writ issue, which is served, and under which he procures possession of the property, and thereafter the action is dismissed for the reason the court is without jurisdiction, and the plaintiff does nothing further to have a legal determination made of his right to the possession of the property, he has not "duly prosecuted" his action, and an action will lie upon the bond. Under the above decisions it was not obligatory on appellants to endeavor to have the justice of the peace try their right to possession, even if it be assumed that was possible under the facts of this case.

Although our attention is directed to *Burton v. Decker,* 54 Kan. 608, 38 Pac. 783, holding that a surety is a favorite of the law and has a right to stand upon the precise terms of his obligation, no particular argument is made on behalf of Albright, the surety. We need not dwell on that phase of the matter. The bond given by Davis required at least one surety (G. S. 1935, 61-503) and Albright knew that when he signed. Until that bond was filed the writ of replevin did not issue. Davis did not "duly prosecute" the action and the condition was broken. In the present state of the case Albright was not entitled to his discharge as a bondsman.

In this opinion we have not discussed any question as to who actually owns the property in dispute, as that is a matter at issue under the pleadings.

We are of opinion the trial court erred in sustaining Davis's demurrer to the appellants' opening statement, and in rendering judgment for Albright on the pleadings and opening statement, and in dismissing plaintiffs' cause of action. These several rulings and judgments are reversed and set aside, and the cause is remanded for trial.