Bob GRIPE, Plaintiff in Error,

v.

Forrest WALKER and Fireman's Fund Insurance Company, Defendants in Error.

No. 40326.

Supreme Court of Oklahoma.

Feb. 11, 1964.

Paul L. Washington, Oklahoma City, for plaintiff in error.

Ralph C. Haynes, County Atty., Kay County, Newkirk, Marland Johnson, Duffy, Johnson & Holmes, by J. Paul Johnson and Kenneth Holmes, Ponca City, for defendant in error.

BLACKBIRD, Chief Justice.

At all times material to this action, the defendant in error, Forrest Walker was allegedly the Sheriff of Kay County, Oklahoma. He and the other defendant in error, were principal and suerty, respectively, on his official bond. Bob Gripe, the plaintiff in error, commenced this action as plaintiff, against defendants in error, as defendants, to obtain a judgment for the sum of $16,-425.00 in damages, and to have said defendants' alleged joint liability on Walker's official bond adjudged on account of his alleged violation of his official duties in connection with a replevin action, previously instituted in the District Court within and for Mayes County, as said Court's Cause No. 10544, by one L. C. Sinor and O. L. Sinor, doing business as Sinor Brothers Construction Company, as plaintiffs, against Gripe and Mr. Bill Mize and Clifton D. Scott, as defendants.

As the parties to this appeal appear in the same order in which they appeared in the trial court, they will be referred to herein by their proper names and/or their trial court designations of "plaintiff" and "defendants".

The general charge of Walker's violation of his official duty in connection with the Mayes County replevin action is that he unlawfully and wrongfully executed a writ of replevin that had been issued in said action and forwarded to him in Kay County. The writ commanded the Kay County Sheriff to take into his custody a certain dump truck, with accessory equipment, described in the writ, and deliver same to the above named plaintiffs, and to make a return on said writ on or before June 10, 1961. Gripe's petition further alleged, in substance, that Walker received the writ June 1, 1961, and " * * * in violation of his duty * * *" served it June 2, 1961, upon the dump truck's driver, Buddy Hamblin, who was not a defendant in Cause No. 10544, supra. The crux of Gripe's claim of Walker's violation of his official duty was that he took possession of the truck without serving the writ on him, or either of the above named defendants in the above Mayes County replevin action, and, after

holding it twenty-four hours, turned it over to the plaintiffs in that action. Gripe charged that, under the circumstances, Walker had not given him an opportunity to make a redelivery bond (for the return of the truck to him) as prescribed by State statutes; and further alleged, in substance, that by being so deprived of the truck's use, he had suffered damages in the aforementioned monetary sum.

■ In urging reversal of the trial court's decision sustaining defendant's demurrer to his petition, Gripe apparently takes the position that it was defendant Walker's duty, under Title 12 O.S.1961 § 1576, to serve the writ upon him, the owner of the truck, as one of the defendants in the Mayes County replevin action (Cause No. 10544, supra). In the cited statute, adopted by this State from Kansas, a writ of replevin is referred to as "the order", and reads as follows:

"The sheriff shall execute the order by taking the property therein mentioned. *He shall also deliver a copy of the order to the person charged with the unlawful detainer of the property, or leave such copy at his usual place of residence.*" (Emphasis ours.)

Defendants state, without contradiction, that the subject writ, or "order", of replevin forwarded to Walker, in Kay County, out of the Mayes County replevin action, contained no command or direction, that it be served upon anyone, but was directed merely to said officer's taking possession of the truck specifically described by model and motor number therein. With obvious reference to a part of the wording of the above quoted statute, they also call our attention to the fact that plaintiff's petition does not allege whether or not Gripe had a place of residence ("usual" or otherwise), in Kay County, at the time the writ was forwarded there from Mayes County. (And plaintiff's petition in this case does not allege that Gripe was ever in Kay County.) They also point out that under an interpretation of the above quoted statute by the

Kansas Supreme Court in State v. Wilson, 24 Kan. 50, there is no requirement that the officer, to which such a writ is directed, serve it upon the person charged with the subject property's unlawful detainer *before* taking possession of it under the writ. Defendants say that, under the circumstances, Sheriff Walker had no alternative to do other than he did with the writ, it being valid on its face and commanding him to seize the truck. Their inference is that it was not Walker's responsibility to see that Gripe was served with a copy of the writ, since it has never been represented that Gripe resided in Kay County, or could ever have been found there. We agree. As a corollary to the proposition established in the above cited case, i. e., that the owner of the property does not have to be served before it is seized under a writ—the same court has also demonstrated that the owner of the property may be served in one county, and his agent (in direct possession of it) may be served in another. See 77 C.J.S. Replevin § 115, p. 83, at Note 29, citing Central Nat'l Bank of Topeka v. Brooke, 71 Kan. 767, 81 P. 498.

■ Furthermore, it is a condition of a statutory replevin bond that: " * * * the plaintiff shall duly prosecute the action * * * " (Tingley v. Smith, Okl., 181 Okl. 84, 72 P.2d 729)·; and the Kansas Supreme Court has indicated that, for defects in the manner in which such plaintiff has proceeded to obtain possession of the property, liability to the owner thereof, if any, is covered by *that* bond. See Boller v. Davis, 162 Kan. 178, 174 P.2d 1008. Be that as it may, however, it is our opinion that section 1576, supra, does not apply to a case like the present one in such a manner as to render the sheriff responsible for a failure to serve the writ on the owner of the property involved before taking possession of it under the writ. In a situation like the present one, it is not the duty of such an officer to ascertain whether or not such a defendant (in another county) has been, or will later be, served with the writ.

For the foregoing reasons, the order and/or judgment of the trial court, sustaining defendant's demurrer to plaintiff's petition, is hereby affirmed.

HALLEY, V. C. J., and DAVISON, JOHNSON, WILLIAMS, JACKSON, IRWIN and BERRY, JJ., concur.