THE CONSOLIDATED KANSAS CITY SMELTING AND REFINING COMPANY *et al.* v. JAMES F. OSBORNE.

No. 12,982. (71 Pac. 838.)

SYLLABUS BY THE COURT.

1. PRACTICE, DISTRICT COURT—*Departure—Waiver.* A defendant in a civil action, who proceeds to trial and submits the cause to the jury without objection to the pleadings or to the evidence, will be held to have accepted all the issues tendered, and to have waived any question of the departure of the reply from the petition.

2. ———— *Action for Personal Injuries—Burden of Proof.* In an action for damages for injuries sustained by an employee of the defendant through the latter's negligence, in which the issues are submitted to the jury on the evidence produced by the plaintiff alone, an instruction placing the burden of proof on the defendant to establish the fact that the injury occurred through the fault of a fellow servant of the plaintiff, and explaining the state of the evidence to which the instruction may apply, is not erroneous.

Error from Wyandotte court of common pleas; WILLIAM G. HOLT, judge. Opinion filed March 7, 1903. Affirmed.

*Harkless, O'Grady & Crysler,* and *Moore & Berger,* for plaintiffs in error.

*Silas Porter,* for defendant in error.

The opinion of the court was delivered by

BURCH, J. : Osborne, the defendant in error, was injured by the falling of a beam supporting an improvised platform on which he was at work for plaintiffs in error in the erection of a building. The fall was occasioned by the knocking out of a prop under a beam by a workman named Kilmer, in response to orders given by a foreman named Brauer. The petition charged that Brauer ordered the prop knocked out without first securing the beam. The reply charged that the prop was knocked out in consequence of Brauer's orders, and that such conduct was negligent, whether the order was to knock out the prop or to knock it back without intending that it should be removed entirely. A departure from the petition is urged against this reply. It may be questioned whether, under all the allegations of the pleadings, the point is well taken, but, conceding that a departure is disclosed, the record does not show the question to have been properly presented to the trial court. The reply was not assailed by motion, by demurrer, or by an objection to the introduction of testimony under it. These were the proper weapons of attack. (*Johnson v. Bank,* 59 Kan. 250, 52 Pac. 860.) On the trial, the testimony relating to Brauer's order and the removal of the prop was not objected to for any reason. No motion was made to strike out any of such testimony. While a demurrer to the plaintiff's evidence appears to have been considered and overruled, the record does not contain the demurrer itself, and

this court cannot know whether it was sufficient in either form or substance.   After the plaintiff rested, the following colloquy took place between the court and counsel for defendants :

"Mr. Berger :  We ask the court to give the jury a peremptory instruction in favor of the defendants, under the pleadings in this case and under the evidence for the plaintiff.

"The Court :  Do you close your case?

"Mr. Berger :  We ask for that peremptory instruction now, your honor.

"The Court ·  Before you close your case?

"Mr. Berger :  Yes, sir.

"The Court :  It will be overruled.

"Mr. Berger :  We rest upon the demurrer, your honor."

This action of the court was proper, because the jury is not instructed until the evidence is concluded (Code, § 275;  Gen. Stat. 1901, § 4722) ; and if the ruling were erroneous no exception to it was taken. Certain statements in the record indicate that the defendants submitted some special instructions, but they are not embodied in the case-made, and it cannot be known what they presented.   Under these circumstances, plaintiffs in error must be held to have accepted all the issues tendered to them.   Such tender was made before they entered upon the trial, and consequently they were not misled to their prejudice in any degree in maintaining their defense.   Having submitted the cause to the jury without objection to the pleadings or the evidence, and suffering no prejudice in the presentation of their defense, they are bound by the verdict as against any question of departure.

Plaintiffs in error further contend that there is no evidence in the record that Brauer was employed by

them or either of them, and hence that there is no evidence of responsibility for his conduct. Plaintiffs in error filed three answers to the petition. In the first one they alleged that plaintiff's injuries, if any, were received by him while in their employ, and that he assumed the risk incurred as a part of his employment. An amended answer repeats this charge, and contains the further statement that plaintiff's injuries, if any, were caused by the acts of a fellow servant of the plaintiff, and that such fellow servant's name was Brauer. A second amended answer gave a version of Brauer's order to Kilmer without defining his status or authority, and reiterated Osborne's assumption of risk as an employee. The assertion that Brauer was a fellow servant of their employee Osborne was equivalent to an assertion that Brauer was also their employee. Having put this statement in the record, together with a description of Brauer's duties in the employment, plaintiffs in error cannot play fast and loose with the relationship of the parties they have presented, and now deny that Brauer was also their employee. The proof was abundant that Brauer was a foreman and not simply a fellow servant.

Error is also assigned because by an instruction the court placed the burden of proof on plaintiffs in error to establish the fact that Osborne was injured through the fault of a fellow servant, when the case went to the jury on the evidence of the plaintiff alone. The state of the evidence to which the instruction might apply, however, was explained to the jury, and this state could rise, no matter by whom the evidence was produced, and the instruction was, therefore, not vulnerable to the objection urged.

Other claims of error have been examined, but in

view of the foregoing conclusions a discussion of them
is unnecessary.

The judgment of the district court is therefore af-
firmed.

All the Justices concurring.