W. STEWART BROWN, *Appellant*, v. F. M. CRUSE et al., *Appellees.*

No. 18,319.

### SYLLABUS BY THE COURT.

1. PROMISSORY NOTE—*Time of Payment Conditional—When Note Matures.* A model maker and mechanical draftsman made a model for two inventors, and it was then agreed that they should pay him two-thirds the value of his work, the three to share jointly in the patent to be procured. Thereupon they executed to him a note which recited that it was for work done; "said amount due when said amount is made out of said patent or the manufacture and sale of said machine under said patent." *Held,* that the makers were obligated to put forth, together with the plaintiff, reasonable efforts thus to make the amount, and their failure or refusal so to do within a reasonable time would leave them liable for its payment.

2. DEMURRER—*To Evidence—Erroneously Sustained.* The rule that a demurrer to the plaintiff's evidence should not be sustained unless there is an entire absence of proof tending to show a right to recover, followed.

Appeal from Sedgwick district court, division No. 1. Opinion filed July 5, 1913. Reversed.

*Frank Nighswonger,* and *Robert C. Foulston,* both of Wichita, for the appellant.

*Fred Stanley, Claude C. Stanley,* and *W. F. Lilleston,* all of Wichita, for the appellees.

The opinion of the court was delivered by

WEST, J.: The plaintiff, a patent attorney and mechanical draftsman and model maker, constructed a model for the defendants who were attempting to procure a patent on a certain machine. After having worked some time it was agreed that the three should share jointly in the patent and that the two defendants should pay the plaintiff two-thirds the value of his work, and the note sued on was given, which reads:

"For labor, we, or either of us, agree to pay W. S.

Brown on order one hundred and thirty-two dollars ($132.00), said amount being for work done on recorder for which United States letters patent was applied for Aug. 17th, 1909, Serial No. 513,367. Said amount due when said amount is made out of said patent or the manufacture and sale of said machine under said patent."

The action was brought in the city court, and it was alleged that a reasonable time had elapsed for the payment of the note and that the defendants had failed, neglected and refused to pay the sum although often requested so to do. A demurrer to the plaintiff's evidence was sustained after the case reached the district court.

The plaintiff's theory is that as he had performed the work for which the defendants owed him, the provision of the note that the amount was to be due when made out of the patent or the manufacture and sale of the machine carried the implication that the makers were to use reasonable efforts thus to make the amount and in default thereof to pay within a reasonable time. The defense treats the provision as a condition precedent and asserts that the case turns upon the question whether the condition had been fulfilled or whether the defendants by their negligent acts had waived it.

We think both parties are substantially correct and that the case falls within the principle of *Dill v. Pope,* 29 Kan. 289, wherein it was held that a party purchasing property and agreeing to pay a stipulated price upon a certain condition and thereafter voluntarily disabling himself from complying with the condition became at once liable. It appears that the patent was issued in August, 1910, and there was evidence to the effect that one offer of $200 had been refused by the defendants and another offer of $100 for a sixteenth interest; that the plaintiff sent men with an order for the machine that it might be exhibited, and the defendants refused to let the machine go out of their hands, and that one of the defendants stated about July,

1911,. that he had been offered $1000. It appears that plaintiff's demand for his money was given no heed by the defendants, and while there was testimony indicating that they had attempted to sell for six or eight hundred dollars, and also to the effect that the plaintiff had later on become interested in another invention which might supersede the one in question, there was some testimony tending to show lack of reasonable efforts on the part of the defendants to make the amount of the note out of the invention.

"Where a party to a contract undertakes to do some particular act, the performance of which depends entirely upon himself, and the contract is silent as to the time of performance, the law implies an engagement that it shall be executed within a reasonable time, without reference to extraordinary circumstances. . . . Where a debt is in fact due, and it is agreed that it shall be paid upon the happening of a future event, and the event does not happen, it is held that the law implies a promise to pay within a reasonable time." (9 Cyc. 613, 615.)

(See, also, 2 Page on Contracts, § 1156, and cases cited.)

The note was given for labor and it could not reasonably have been the intention of the parties that the makers were to pay or not as they should choose. It is more in accord with justice and fair dealing to assume that they, with the plaintiff, were to make fair endeavor to derive the amount from the patent or the sale of machines, and that their failure or refusal so to do within a reasonable time should not wipe out the debt but leave them liable for its payment.

Giving the evidence the consideration required by the familiar rule applicable when a demurrer is interposed, it can not be correctly said as a matter of law that it entirely failed to support the plaintiff's contention.

The judgment is therefore reversed and the cause remanded for further proceedings.