No. 20,399.

W. STEWART BROWN, *Appellant,* v. F. M. CRUSE and DORA CRUSE, *Appellees.*

SYLLABUS BY THE COURT.

1. PROMISSORY NOTE — *Promise to Pay Conditional — Condition Failed.* Where a written promise to pay stipulates that the amount shall be paid when it is made out of a patent, or out of the manufacture and sale of the machine under the patent, no recovery can be had when it is shown that after reasonable efforts and without the fault of the promisor nothing has been made in the manner stipulated.

2. SAME — *Counterclaim — Evidence.* There was evidence sufficient to support the counterclaim of the defendants.

3. TRIAL—*Evidence.* There was no apparent error in the admission or rejection of evidence.

Appeal from Sedgwick district court, division No. 2; THORNTON W. SARGENT, judge. Opinion filed November 10, 1917. Affirmed.

*Dempster O. Potts,* and *W..P. Campbell,* both of Wichita, for the appellant.

*Fred Stanley, Claude C. Stanley,* and *Benjamin F. Hegler,* all of Wichita, for the appellees.

The opinion of the court was delivered by

MARSHALL, J.: In this action the plaintiff sought to recover on a promise to pay a sum of money named in a written instrument. The defendants recovered judgment on a counterclaim set up by them. The plaintiff appeals.

This is the second appearance of this action in this court. (*Brown v. Cruse,* 90 Kan. 306, 133 Pac. 865.) The written instrument sued on was set out in the former opinion, and certain facts were there stated which will not now be repeated. Briefly stated, the defendants, in their answer, alleged that they employed the plaintiff to act as their attorney in procuring a patent on a mechanical device; that he was guilty of professional misconduct; that he was guilty of fraud in his conduct toward them; and that he had damaged them in the sum of $1,229.52. The instructions have been lost, and are not set out in the abstract. However, they are not attacked.

1. The plaintiff's first contention is as follows:

"The verdict should have been for the plaintiff on the note sued on, because,

1. The note had matured by lapse of time.

2. The event upon which the maturity of the note is predicated, failed to materialize through the fault of the defendants."

In the former opinion the legal propositions contained in these contentions were established, and they need not be further discussed at this time. The question of fact contained in the contentions is open to discussion. On that question there was evidence which tended to show that the failure to realize the amount of the note out of the patent, or out of the manufacture and sale of the machines, was not brought about by the fault of the defendants. Presumably that question was properly submitted to the jury by the instructions of the court. The jury found against the contentions of the plaintiff.

2. The plaintiff further contends that the evidence did not support the counterclaim of the defendants. There was evidence to establish the allegations of the answer setting up the counterclaim, although that evidence was contradicted by other evidence. In the absence of the instructions, it must be again presumed that the issues raised by the answer, on which there was evidence, were properly submitted to the jury. The jury found in favor of the defendants, and, under numerous decisions of this court, that finding is final and conclusive. Citation of authorities is unnecessary and useless.

3. The plaintiff's last complaint is that the court erred in the admission and in the rejection of testimony. The evidence admitted, of which complaint is made, was that which

tended to show the efforts made by the defendants to realize on the patent. That evidence was properly admitted. The evidence rejected was that which the plaintiff attempted to introduce on cross-examination by the following question:

"Q. What I want you to tell the jury is, how the patent which was issued, and which was demonstrated by Exhibit 10, in any way injured or hurt the sale of your patent, in which Mr. Brown had an interest, if it was not issued until some months after you ceased to try to sell your patent?"

That question was objected to as being improper cross-examination, and the objection was sustained. It is not apparent how the rejection of that evidence in any way prejudiced the plaintiff; neither does it appear that the evidence rejected was produced on the hearing of the motion for a new trial.

The judgment is affirmed.