Custer v. Royse.

---

No. 21,689.

BESSIE CUSTER, *Appellant*, v. B. R. ROYSE, *Appellee*.

SYLLABUS BY THE COURT.

1. EJECTMENT — *Evidence Should Have Been Submitted to Jury.* The evidence to support an action in ejectment examined, and held sufficient to require its submission to a jury, and that an instructed verdict thereon was erroneous.

2. SAME — *Damages — Question for Jury.* The evidence to support a claim for damages incident to an alleged wrongful dispossession considered, and held sufficient against an instructed verdict.

3. SAME—*Statement of Counsel—Evidence—Issues Enlarged by Consent of Parties.* In an action in ejectment and for incidental damages, where counsel for plaintiff, in his opening statement to the jury, was permitted, without objection, to give an outline of the facts which he proposed to prove touching the defendant's conversion of plaintiff's personal property situated on the premises at and about the time defendant wrongfully dispossessed the plaintiff, and where the trial court, without objection from defendant, permitted evidence at length to be introduced to establish the plaintiff's damages for such conversion, although the facts were not pleaded, or were insufficiently pleaded, in the petition to justify such opening statement and to warrant the introduction of such evidence, it is held that the pleadings should be construed as being broad enough to include those elements of damage, or that the issues were thus enlarged by consent of parties.

Appeal from Haskell district court; GEORGE J. DOWNER, judge. Opinion filed March 8, 1919. Reversed.

*John W. Davis,* of Greensburg, for the appellant.

*Carl Van Riper,* and *Albert Watkins,* both of Dodge City, for the appellee; *L. A. Madison,* and *Arthur C. Scates,* both of Dodge City, of counsel.

The opinion of the court was delivered by

DAWSON, J.: This was an action in ejectment and for damages.

The plaintiff and defendant both held warranty deeds from a common grantor—the plaintiff directly, and the defendant through an intermediate grantee. Plaintiff's deed was of later date than the one through which defendant claimed; but plaintiff claimed to have been in lawful possession when defendant's grantor obtained his deed from the common grantor, and that all parties concerned had notice of her possession.

The court directed a verdict in favor of defendant; and the main question in this appeal is whether there was sufficient evidence to require the cause to be submitted to a jury's determination.

The evidence disclosed that in October, 1913, G. L. Baker, the patentee and owner of the property (a quarter section of land) made a written lease of it for one year from November 1, 1913, with the privilege of renewal for a like term, to W. A. Custer, agent. The instrument did not disclose the party for whom W. A. Custer was agent, but the evidence, or part of it, tends to show that he was the agent of the plaintiff. The evidence also partly tends to show that plaintiff took and held possession of the land pursuant to this lease, and that she put a man by the name of Kephart on the land to farm it, and that Kephart occupied the premises with his family until he was ejected by the sheriff pursuant to a default judgment by a justice of the peace, in an action for forcible detention wherein this appellee was plaintiff and Kephart and another, not this plaintiff, were defendants. About the time of that ejectment, May 28, 1916, and to satisfy costs in that action, the sheriff seized and sold two or three hundred dollars' worth of plaintiff's grain and feed which she had stored and stacked on this land.

During the year 1915, while plaintiff's alleged lease was in ·force, on May 1, Baker gave W. A. Custer a three months' option, in writing, to purchase the land at a price of $1,800. There was a consideration of one dollar paid for this option. Plaintiff says she paid the dollar. This option bound the owner, G. L. Baker, upon satisfaction of specified terms, to deliver a general warranty deed and an abstract showing good title, and provided "that the deed shall be made to any party · . . . as directed" by W. A. Custer. On June 19, while the Custer option still had about forty days to run, plaintiff bought the property from W. A. Custer and the latter notified Baker. Shortly thereafter, on July 5, Baker executed a deed conveying the land to E. O. Luther.

On July 26, Baker and Luther executed a written agreement whereby the latter was to have immediate possession of the land—

"And receive one-fourth (¼) of the growing crop, but *the present tenant* is to have the right to enter land to cultivate, harvest and a reasonable time in which to remove his share of the crop."

Other matters of evidence partly tended to show that Luther bought with notice of plaintiff's rights, and that Baker had advised him more or less accurately and more or less fully concerning the same, and that Baker deeded the property to Luther partly by persuasion of the latter that the option he had given was worthless.

"Question: Did you tell him that you had given Custer a contract for the—agreeing to deed that land to him, or to any person whom he might request you to? Answer: I did.

"Question: What did he say when you—before that—did you offer to show Luther the contract? Answer: I did.

"Question: What did he say when you made the offer? Answer: He said it wasn't worth the paper it was written on; he didn't want to see it."

Two days later, July 28, and while the three months' option was still in force—unless it was merged into plaintiff's contract of purchase—Luther conveyed the property to the defendant, B. R. Royse. Royse purchased without any inquiry, and, of course, was in no better situation than Luther.

It seems needless to rehearse the evidence at greater length. Tested by the generous credence which must be accorded to every bit of favorable evidence, and disregarding the evidence

to the contrary, and disregarding all seeming inconsistencies
in the favorable evidence, if any there be—and this is the in-
variable rule in determining the correctness of demurrers to
evidence and instructed verdicts—it seems to this court that
plaintiff established a case for submission to a jury.

In *Mentze v. Rice,* 102 Kan. 855, 172 Pac. 516, it was said:

"The rule is that a demurrer to the defendant's evidence should not
be sustained unless there is an entire absence of proof tending to show
a right to recover. (*Brown v. Cruse,* 90 Kan. 306, 133 Pac. 865.) Such
demurrer admits every fact and conclusion which the evidence most
favorable to the other party tends to prove. (*Christie v. Barnes,* 33 Kan.
317, 6 Pac. 599.) And it admits, not only the truth of the facts directly
proven, but also all that may properly be inferred from those facts.
(*City of Syracuse v. Reed,* 46 Kan. 520, 26 Pac. 1040.) The court must
view the evidence in the light most favorable to the plaintiff and allow
all reasonable inferences in his favor. (*Rogers v. Hodgson,* 46 Kan.
276, 26 Pac. 732; *Buoy v. Milling Co.,* 68 Kan. 436, 75 Pac. 466; *Hoff-
meier v. Kansas City - Leavenworth Rld. Co.,* 68 Kan. 831, 75 Pac.
1117.)" (p. 856.)

(See, also, *Hyland v. Railway Co.,* 96 Kan. 432, 151 Pac.
1107; *The State, ex rel., v. Gerhards,* 99 Kan. 462, 464, 162
Pac. 1149; *Russell v. Considine,* 101 Kan. 631, 634, 635, 168
Pac. 1095; *Bushey v. Coffman,* 103 Kan. 209, 214, 173 Pac.
341.)

The evidence, favorably considered, showed that plaintiff
had a lease of the property which did not expire until No-
vember 1, 1915; that she had possession of it thereunder; that
she had purchased the property in June, 1915, while still in
possession; that W. A. Custer, acting for her, had made a
lease of the premises to her hired man Kephart, and that Kep-
hart's possession was likewise her possession; that she also
held joint possession with Kephart and exercised rights of
possession and dominion over the property by stacking and
storing feed and grain raised elsewhere upon the premises
close to the Kephart residence, so that he, her tenant, or sub-
tenant, could care for and protect it against roaming cattle.
A jury might fairly conclude that Luther knew, or could know,
and with reasonable diligence was bound to know, these facts;
and the fact that the lease from W. A. Custer to Kephart does
not disclose that Custer was acting for plaintiff merely fur-
nishes a peg on which to hang an argument that plaintiff and
her witnesses may not be telling the truth. If an entire

stranger, without shadow of right, had given Kephart a lease of the property, Kephart would still be plaintiff's tenant, or hired man, and his possession would continue to be that with which plaintiff had clothed him, until he vacated the premises, or until she consented to a change in his relationship to her. Either W. A. Custer was plaintiff's agent in executing the lease to Kephart or the lease made by him was worthless.

Touching other matters presented by the record, there was evidence concerning the damages for dispossession and for the use of the premises. These were proper items for the jury's consideration. The trial court also permitted counsel for plaintiff, and without objection from defendant, to outline plaintiff's claim for damages for the conversion of her grain and feed, and, apparently without objection, plaintiff was permitted to give evidence at length on that subject. Perhaps this phase of the case was not sufficiently pleaded under the merely general allegations as to damages, but in view of counsel's opening statement and the extended presentation of evidence thereon, without timely objection by defendant, the pleadings should have been construed, either as being broad enough to include these damages, or as having been informally amended to conform to the evidence relating to these elements of damage. It is sometimes said, in such a situation, that the issues have been enlarged by consent of parties. (*Walker v. Armstrong,* 2 Kan. 198, 222; *Fitzpatrick v. Gebhart,* 7 Kan. 35; *Conaway v. Gore,* 24 Kan. 389; *Organ Co. v. Lasley,* 40 Kan. 521, 20 Pac. 228; *Feidler v. Motz,* 42 Kan. 519, 22 Pac. 561; *Smelting Co. v. Osborne,* 66 Kan. 393, 395, 71 Pac. 838; *Baden v. Bertenshaw,* 68 Kan. 32, 74 Pac. 639.)

In *Hartwell v. Manufacturing Co.,* 78 Kan. 259, 97 Pac. 432, it was said:

"Although no facts were pleaded in the petition or reply to justify so doing, the plaintiffs introduced evidence tending to show that the defendant was estopped from denying the authority of the agent or the validity of the contract. To the introduction of this evidence no objection appears to have been offered. Under the authority of *McCreary v. Parsons, Executrix,* 31 Kan. 447, 2 Pac. 570, and *Feidler v. Motz,* 42 Kan. 519, 22 Pac. 561, the issues will be considered as enlarged by consent of parties." (p. 263.)

There is a suggestion that there are no equities in favor of plaintiff. Perhaps there are none on the other side. Both

have deeds; presumably both have paid or agreed to pay what their common grantor saw fit to exact in his overgenerous issuing of conveyances. It seems to be a case where only the legal features of the controversy control, and it might lead us far afield to determine the equities—if any there be. Moreover, the existence of persuasive equities would not justify the taking of a case depending upon disputed facts from a jury's consideration.

The judgment is reversed, and the cause is remanded with instructions to grant a new trial.