No. 23,849.

THE FIRST NATIONAL BANK OF POTWIN, *Appellee,* v. THE KANSAS CASUALTY & SURETY COMPANY, *Appellant.*

SYLLABUS BY THE COURT.

ACTION ON SURETY BOND—*No Enlargement of Issues Raised by the Pleadings.* The proceedings in an action on a bank cashier's surety bond examined, and *held,* this court may not regard the issues as enlarged by consent, or consider the pleadings as amended to embrace issues other than those upon which the judgment of the district court rests.

Appeal from Butler district court; ALLISON T. AYRES, judge. Opinion filed November 4, 1922. Affirmed.

*Fred B. Stanley,* and *Vincent F. Hiebsch,* both of Wichita, for the appellant.

*C. L. Harris,* of El Dorado, for the appellee.

The opinion of the court was delivered by

BURCH, J.: The action was one by a bank to recover on its cashier's surety bond. The plaintiff prevailed, and the defendant appeals.

The bond obligated the defendant to reimburse the bank for loss of money sustained by any dishonest act committed by the cashier in performance of the duties of his office. The bond obligated the bank to give notice to the insurer of any act of the cashier which might be made the basis of a claim, immediately on becoming aware thereof; provided that the bond should be void if the bank, without consent of the insurer, continued the cashier in office after becoming aware of any act which might be made the basis of a claim; and provided the bank should make no settlement with the cashier for loss, or do any act whereby the cashier's liability to the bank, in case of loss, should be changed. The petition alleged: "That by reason of the dishonest acts of said William W. Honomickl while employed as cashier as aforesaid, plaintiff sustained losses as follows:" Then followed three specifications of loss. The answer

stated, with definiteness and precision, the defenses to the action. It charged: First, that if the cashier committed the dishonest acts alleged in the petition, the officers of the bank became aware of those acts, and failed to notify the defendant of those acts; second, that the bank continued the cashier in office, without consent of the defendant, after becoming aware of those acts; and third, that if the cashier committed any dishonest act, the bank made a settlement of loss, and altered the liability of the cashier to the bank. The court found the particular dishonest acts alleged in the petition were committed; the bank discovered them on January 28; on that day the bank notified the defendant of them, and on the next day discharged the cashier. The court further found the settlement pleaded by the defendant was not made by the bank, did not relate to items of loss sued for, and did not change liability of the cashier to the bank. These findings were strictly within the issues made by the pleadings, were supported by abundant evidence, and necessitated a conclusion of law favorable to the plaintiff, and judgment accordingly.

On cross-examination of directors of the bank, the defendant elicited, without objection, the fact that the cashier had frequently made large overdrafts upon his account with the bank, and the fact that he had frequently made loans to himself and to a partnership of which he was a member, in excess of the amount permitted by the national banking law. Evidence to the same effect was introduced on behalf of the defendant. It is contended these transactions were dishonest acts, of which the defendant should have been notified. The contention is made for the first time in this court.

The trial was before the court, without a jury, and there is nothing to indicate that counsel for plaintiff or the court understood the testimony referred to was introduced by way of enlargement of the issues. The defendant requested the court to make findings of fact. The requested findings were limited to dishonest acts of the cashier alleged in the petition, and no request was made for findings that the cashier had been guilty of dishonest acts other than those alleged in the petition. It is true that, after requesting findings covering the issues made by the pleadings, the defendant made the following request:

"That if the evidence shows that the plaintiff suffered any pecuniary loss by reason of any dishonest acts of said William W. Honomickl as alleged in

its petition, it does not show that the plaintiff ever gave any written notice to the defendant of any dishonest acts shown by the evidence. . . . "

If by the words, "any dishonest acts shown by the evidence," the defendant meant dishonest acts not alleged in the petition, the meaning was too faintly manifested. Until the court's attention was directed to the subject, and it made or refused findings of dishonest acts outside the issues, a finding relating to notice of such acts could be of no consequence; and it so happens that, when the defendant was inquiring about the cashier's overdrafts and excessive loans, notice to the defendant of those delinquencies was not inquired about. The result is, the defendant presents to this court a new case, involving issues of fact and of law on which the judgment of the district court was not taken. To consider that case would be to exercise other than appellate jurisdiction.

The defendant contends this court should regard the answer as amended to include the defense now relied on, and the cases are cited in which amendments have been approved or considered as made. In the case of *Custer v. Royse,* 104 Kan. 339, 179 Pac. 353, cited by the defendant, the judgment of the district court was not reversed for failure to treat issues as enlarged by consent, but for other reasons, and in no case cited has an amendment substantially changing the claim or defense, and not suggested to the trial court, been treated by this court as if made, in order to overthrow a judgment. To do so would be unfair to the district court.

Other errors assigned are not deemed to be of sufficient gravity to require special mention and discussion, and the judgment of the district court is affirmed.