No. 24,359.

CHARLES DOBSON, Jr., *Appellee*, v. THE KANSAS-TEXAS PETROLEUM COMPANY, *Appellant*.

SYLLABUS BY THE COURT.

CONTRACT—*Certificate in Service Station—Contract Interpreted—No Cause of Action Proven.* The plaintiff subscribed for and received a participating operating certificate in a service station to be established. The contract provided that if the station were not established within six months, the sum paid for the certificate should be returned to him. The station was not fully established within six months, and the plaintiff sued neither for rescission nor for compensatory damages, but for return of the money he had paid. *Held*, he was not entitled to recover.

Appeal from Dickinson district court; CASSIUS M. CLARK, judge. Opinion filed April 7, 1923. Reversed.

*David Ritchie, Omer D. Smith,* both of Salina, *Charles G. Yankey, W. E. Holmes, D. W. Eaton, R. L. Holmes,* and *J. L. Gleason,* all of Wichita, for the appellant.

*C. S. Crawford,* and *E. S. Crawford,* both of Abilene, for the appellee.

The opinion of the court was delivered by

BURCH, J.: The action was one for damages for breach of a written contract. The plaintiff recovered, and the defendant appeals.

The contract, which was signed by the plaintiff and by a representative of the defendant, read as follows:

"August 23, 1920. I hereby subscribe for a $500 participating operation certificate in a service station to be established in Solomon, Kansas, and agree to pay you $250 for same; said certificate to be issued to me subject to the terms and conditions therein set forth, a specimen of which I have read and understand. It is agreed that the style and location of said station shall be determined by the architectural and operating department respectively of your company. It is agreed by me that this application and the specimen of the participating operation certificate constitute my entire agreement with you, and is not binding on your company until accepted by an officer thereof. If for any reason said station should not be established within six months from the date hereof, the aforesaid sum that I have paid you shall be returned to me."

The action was commenced before a justice of the peace. The bill of particulars stated the defendant accepted the plaintiff's subscription, received and retained the $250 paid by the plaintiff, and did not establish the service station within six months. Demand for return of the money was alleged, and the prayer was for $250, with interest from February 23, 1921, the date when the station should have been established. An appeal was taken to the district court, which, after a trial, made the following findings of fact and conclusion of law:

"FINDINGS OF FACT.

"1. That the subscription contract set out in plaintiff's bill of particulars was executed, and the sum of $250 paid therefor, on the date named in said contract.

"2. That on the 31st day of August, 1920, defendant furnished to plaintiff the participating operation certificate mentioned and described in the contract of subscription, which certificate provides that the defendant should set aside, from the sales of its products at the defendant's station in Solomon, Kansas, one cent per gallon on all gasoline sold, and five per cent on all other products sold by defendant at said station, said fund to be distributed among the certificate holders, until the total sum thereof should be the sum of $500 distributed to said plaintiff.

"3. That a part of the real estate acquired by the defendant for its use in installing said filling station was purchased in August, 1920, and the remainder in September, 1920.

"4. That an action by said defendant was begun in the district court of

said county in December, 1920, to quiet the title to the real estate theretofore bought for use in connection with said filling station, in which action decree for plaintiff was entered January 31, 1921.

"5. That on or about February, 1921, said defendant began work on the erection of a building for its use in operating a filling station, which building was completed on or about March 15, 1921.

"6. That thereafter, sometime between March 15 and May 27, 1921, storage tank and pressure pump were installed for use in connection with said filling station, and that said station was not completed and ready for service until May 27, 1921, and that said defendant did not have a filling station in operation or operated before May 27, 1921."

"CONCLUSION OF LAW.

"That a filling station not having been established at Solomon, Kansas, in accordance with the subscription contract made between the parties, the plaintiff is entitled to judgment of $250, with interest thereon from February 24, 1921, at six per cent."

The plaintiff contends he is entitled to stand on the letter of the contract. He says the contract made no provision for rescission or for return of the certificate; he is under no obligation to return the certificate, and what becomes of it is of no concern to this court; he did not choose to rescind or to bring an action of rescission, but sued at law on the naked promise to return the money if the station were not established within six months; while a court of equity might consider whether time were of the essence of the contract, and whether substantial performance were not sufficient, a court of law is bound by the terms of the contract; the parties made this contract, and no court of law can make another for them.

The court disagrees with the plaintiff respecting the nature of the contract, and respecting the attitude of a court of law toward a contract of the character which the plaintiff seeks to impose upon this one.

The provision of the contract on which the action was predicated was a provision for one of two things: It was a provision for rescission, or it was a provision for a penalty. The court is of the opinion the intention was to confer on the plaintiff privilege to rescind, and place himself in the situation he would have occupied if he had not subscribed for a participating certificate. He might, if he desired, waive delay in establishing the filling station, and keep his certificate. Should he rue his bargain, the implied condition was, he would claim return of his money promptly, and surrender whatever he had received.

Dobson v. Petroleum Co.

While parties may make agreements and, as the plaintiff says, courts may not make agreements for them, the law has something to say about what agreements it will enforce and what agreements it will not enforce. Save in certain exceptional cases, not material here, the law does not come to the assistance of one who insists on a pure forfeiture. If the provision under consideration did not, as the plaintiff asserts, contemplate rescission according to equitable principles, it violated the fundamental rule of compensation for non-performance, and the only standing the plaintiff's law action gave him in a court of law was to recover whatever actual damages he had sustained. He neither pleaded nor proved damages, and does not desire damages. He wants to keep what he got, and to have back what he gave, whether he was injured beyond interest on his money or not.

The plaintiff cites the case of *Morrison v. Wells*, 48 Kan. 494, 29 Pac. 601. In that case the defendant subscribed to a fund to erect a hotel, payment being conditioned on completion of the hotel to a certain stage by a certain time. There was no consideration for the promise except that incident to ordinary subscription contracts. The condition to liability was not performed, and he was properly held not liable. In this instance the plaintiff purchased, paid for, and was assigned a participating interest in the profits of the filling station enterprise.

The judgment of the district court is reversed, and the cause is remanded with direction to enter judgment for the defendant.

### MEMORANDUM.

In each of the following cases, submitted with No. 24,359, *Dobson v. Petroleum Company*, the judgment of the district court is reversed and the cause is remanded with direction to enter judgment for the defendant:

No. 24,360, *Wood v. Petroleum Company.*
No. 24,361, *Gould v. Petroleum Company.*
No. 24,362, *Cogan v. Petroleum Company.*
No. 24,366, *McCullough v. Petroleum Company.*
No. 24,368, *Berrigan v. Petroleum Company.*
No. 24,369, *Kehler v. Petroleum Company.*
No. 24,371, *Mahoney v. Petroleum Company.*
No. 24,375, *Custer v. Petroleum Company.*