No. 24,654.

ROBERT L. LYONS, *Appellee*, v. THE KANSAS-TEXAS PETROLEUM COMPANY, *Appellant.*

SYLLABUS BY THE COURT.

1. CONTRACT—*Certificate in Service Station—Pleadings Construed—Action for Rescission.* Where parties subscribed for and received participating operating certificates in a service station to be established, under contracts providing that if a station were not established within six months the sums paid for the certificates would be returned, and, where the station was not so established within six months, they are entitled to a rescission of the contract.

2. SAME—*Pleadings—Trial—Issues Enlarged.* Rule followed, that when an action has been fully tried and evidence received, although the facts were not pleaded or were insufficiently pleaded in the petition to warrant the introduction of such evidence, the pleadings should be considered as amended, or as broad enough to include those elements.

Appeal from Sedgwick district court, division No. 1; THOMAS E. ELCOCK, judge. Opinion filed July 7, 1923. Affirmed.

*L. A. Hasty, Robert R. Hasty, Roger P. Almond, R. L. Holmes, Charles G. Yankey, W. E. Holmes, D. W. Eaton,* and *John L. Gleason,* all of Wichita, for the appellant.

*John J. Riling, Edward T. Riling,* and *J. H. Mitchell,* all of Lawrence, for the appellee.

The opinion of the court was delivered by

HOPKINS, J.: The action was to recover for breach of a written contract. Judgment was for the plaintiff, and the defendant appeals.

The plaintiff and others subscribed for and received participating operating certificates in a service station to be established at Lawrence, Kan. The contracts provided that if the station was not established within six months the sum paid for the certificates should be returned. The station was not fully established within six months, and various of the certificate holders assigned their certificates to the plaintiff who brought this action. The certificates are the same in general form as those under consideration in *Dobson v. Petroleum Co.,* 113 Kan. 304, 214 Pac. 408, and this action, in many respects, is similar to that.

In the Dobson case the plaintiff did not sue for rescission of the contract nor for compensatory damages and it was held that he was

not entitled to recover. In this case, while the pleadings did not, in terms ask for rescission of the contract, the action was treated by the court and the plaintiff as being one to rescind. The certificates have been surrendered by the plaintiff and tendered into court. The judgment included this language:

"First. That the statements, allegations and averments contained in plaintiff's petition are true and correct.

"Second. That the assignment, a copy of which is attached to plaintiff's petition and marked exhibit "C" and made a part thereof, is valid.

"Third. That the service station referred to in plaintiff's petition was not established within the time limited by the contract, a true and correct copy of which contract is attached to plaintiff's petition and marked exhibit "A" and made a part thereof.

"Fourth. That the defendant is indebted to the plaintiff in the sum of $6,250, together with interest on said amount at the rate of six per cent per annum from the 17th day of March, 1921, amounting in all on this date, to the sum of sixty-eight hundred ($6,800) dollars.

"Fifth. That the contracts and participating certificates referred to in plaintiff's petition and assigned to the plaintiff be and are canceled, set aside and held for naught upon payment of the judgment herein rendered against the defendant herein. That said certificates shall remain in the custody of the court and that upon payment of this judgment said participating certificates shall be canceled by the clerk of this court and delivered to the defendant herein.

"It is therefore on this 5th day of September, 1922, ordered, adjudged and decreed by the court that the plaintiff do have and recover judgment against the defendant in the sum of sixty-eight hundred ($6,800) dollars, together with the costs of this action."

In considering the terms of the contract the court in the Dobson case stated:

"The court is of the opinion the intention was to confer on the plaintiff privileges to rescind, and place himself in the situation he would have occupied if he had not subscribed for a participating certificate. He might, if he desired, waive delay in establishing the filling station, and keep his certificate. Should he rue his bargain, the implied condition was he would claim return of his money promptly, and surrender whatever he had received." (p. 306.)

It has been frequently held, that when an action has been fully tried and evidence received, although the facts were not pleaded or were insufficiently pleaded in the petition to warrant the introduction of such evidence, the pleadings should be considered as amended, or as broad enough to include those elements. (*Custer v. Royse,* 104 Kan. 339, 179 Pac. 353, and cases therein cited; *Lumber Co. v. Mercantile Co.,* ante, p. 10.) We are of the opinion they should be so considered here and the action treated as one of rescission.

It appears from the record that after the filing of this action, the defendant paid a dividend to the various complaining certificate holders in the sum of $16.67 each. Defendants contend that the acceptance of such dividends estops plaintiff and his assignors from proceeding with this action. We do not assent to that view. We do, however, hold that the defendant should have credit for the amounts so paid. The judgment will, therefore, be modified to the extent of permitting the credit, if it has not already been allowed by the court, and otherwise the judgment is affirmed.