·No. 26,161.

GEORGE L. BAKER, *Appellee*, v. BESSIE CUSTER, *Appellant*.

SYLLABUS BY THE COURT.

VENDOR AND PURCHASER—*Breach of Warranty*. It was error for the court to direct the jury to return a verdict in favor of the plaintiff.

Appeal from Haskell district court; CHARLES E. VANCE, judge. Opinion filed July 10, 1926. Reversed.

*J. W. Davis*, of Greensburg, for the appellant.

*Carl Van Riper*, of Dodge City, for the appellee.

The opinion of the court was delivered by

MARSHALL, J.:    The plaintiff sued to recover on the following written obligation signed by the defendant:

"This is to certify that there is due from the undersigned, Bessie Custer, to George L. Baker, the sum of seventeen hundred and ninety-nine dollars, said sum to be paid to the said George L. Baker, upon the title to the southwest quarter of section thirty-two (32) township thirty (30) south, range thirty-three (33) west 6th P. M. Haskell county, Kansas, being made a good straight merchantable title. Dated this 16th Dec., 1915."

Judgment was rendered in favor of the plaintiff on a directed verdict, and the defendant appeals.

This litigation is in part a sequence of and is related to *Custer v. Royse*, 104 Kan. 339, 179 Pac. 353, and *Custer v. Royse*, 110 Kan. 397, 204 Pac. 995.

The defendant pleaded an option agreement with W. A. Custer, her husband, for the purchase of real property in which the plaintiff agreed to furnish an abstract showing good and sufficient title to the property. That contract was assigned to the defendant by W. A. Custer. The option agreement was dated May 1, 1915, and contained the following:

"It is agreed by both parties hereto that the liquidated damages upon failure of first parties to deliver good and sufficient title or otherwise fail in this contract, shall be two hundred dollars ($200) and shall be due and payable at the time of such failure or within reasonable time thereafter. It is understood that time is the essence of this contract."

The execution of the writing sued on by the plaintiff was not put

Vendor and Purchaser, 39 Cyc. p. 1976 n. 61.

in issue by the answer, and the execution of the option agreement was admitted by the plaintiff.

The answer alleged that no abstract of title was ever tendered. The defendant set up a counterclaim in the sum of $1,500 for damages sustained by her in litigation with one B. R. Royse, to obtain the title to and possession of the real property. A deed conveying the property to the defendant was delivered when the writing sued on was signed. The plaintiff introduced in evidence an abstract of the title to the real property which showed that after the option contract had been entered into, but before the acknowledgment of the indebtedness was signed, George L. Baker executed a deed to O. E. Luther for the land in controversy and that O. E. Luther executed and delivered a deed conveying the land to B. R. Royse. Plaintiff also introduced in evidence the judgment and special findings of the jury in *Custer v. Royse* and the mandate and opinion of this court in the same case, reported at 104 Kan. 339, 179 Pac. 353. The defendant then demurred to the plaintiff's evidence, and that demurrer was overruled. She then introduced evidence which tended to show that she had been damaged in the sum of approximately $1,500. The plaintiff sued for $1,799 with six per cent interest from December 16, 1915, and obtained judgment on May 19, 1924, for $1,759, which the plaintiff says was the face of the writing sued on less the $200 damages named in the option contract with interest on the remainder at six per cent.

The defendant contends first, that it was error to overrule her demurrer to plaintiff's evidence; second, that it was error to render judgment in favor of the plaintiff; and third, that it was error not to allow the defendant damages sustained by her on account of the defect in the title to the real property.

We pass by the first two of these contentions and will discuss the third one only. The option contract was superseded by the warranty deed conveying the property to the defendant and by the acknowledgment of indebtedness for the property. After the purchase of the land under the option and the delivery of the deed, the defendant's action for damages was on the breach of warranty contained in the deed, and for failure to comply with the terms of the acknowledgment of indebtedness, not for failure to perform the terms of the option contract. The damages named in the contract no longer controlled. The whole matter was before the court

under the pleadings and the evidence. The defendant claimed damages and introduced evidence to prove them. Those damages were sustained in perfecting the title which should have been good when the deed was delivered or should have been perfected by the plaintiff before he sought to recover under the acknowledgment of indebtedness. Neither of those things was done. The defendant perfected the title, but she was at great expense in so doing. Her right to recover those expenses should have been submitted to the jury.

For the error in directing a verdict in favor of the plaintiff, the judgment is reversed, and a new trial is directed.