No. 35,218

MARIE KOLICH, *Appellee*, v. THE TRAVELERS INSURANCE COMPANY, *Appellant*.

(119 P. 2d 498)

Opinion filed December 6, 1941.

*Fred Robertson, Edward M. Boddington* and *J. O. Emerson,* all of Kansas City, for the appellant.

*David F. Carson* and *David W. Carson,* both of Kansas City, for the appellee.

The opinion of the court was delivered by

ALLEN, J.: Plaintiff brings this action to recover benefits alleged to be due her as the beneficiary of her deceased husband under a policy of group insurance. Defendant filed an answer to the amended petition and thereafter plaintiff filed a reply. Defendant filed a demurrer to the reply. This appeal is from the order of the trial court overruling the demurrer.

The question presented requires an examination of the issues raised by the pleadings.

The amended petition alleged that the defendant company—

"Did on the 1st day of February, 1936, issue to the Phillips Petroleum Company, a group accident and sickness policy, whereby it did thereby insure the employees of the said Phillips Petroleum Company, and amongst others, Mike G. Kolich, who was on said day and at all the times hereafter mentioned, an employee of said Phillips Petroleum Company, and that he worked at the plant of the Phillips Petroleum Company in Kansas City, Kansas. That an insurance contract, for a valuable consideration, certificate No. 6734, under group accident and sickness policy, GA 2565, was theretofore issued the Phillips Petroleum Company, a copy of which said certificate No. 6734 is attached hereto as a part hereof marked exhibit 'A'."

The petition further alleged that on October 19, 1939, Mike G. Kolich, while employed by the Phillips Petroleum Company as a pipefitter and while the contract of insurance "attached hereto as a part hereof" was in full force and effect, was injured, and that as a direct result of his injuries, died on the 19th day of November, 1939; that the insured "did perform all the terms and conditions of said policy, obligatory upon him to be performed"; that the injuries resulting in the death of the insured "occurred while he was fully insured under said policy." Plaintiff asked judgment in the sum of $1,500.

Exhibit "A" attached to plaintiff's petition contains the following recitals:

"THE TRAVELERS INSURANCE COMPANY, HARTFORD, CONNECTICUT
CERTIFICATE OF INSURANCE
Under Group Accident and Sickness Policy No. GA 2565
Issued to Phillips Petroleum Company and/or its affiliated
or subsidiary companies named therein
Certificate No. 6734    Date February 1, 1936
Employee, Mike G. Kolich; Beneficiary, Marie Kolich, Wife

"Principal sum of accident insurance, $1,500, providing accidental death, dismemberment and loss of sight benefits as herein outlined. Weekly indemnity, $15.

"In event of accident which may result in death, dismemberment, loss of sight, or disability, or of sickness, immediate notice must be given by the employee or the beneficiary or by someone in their behalf to the office of the Phillips Petroleum Company.

"Replacing any and all certificates previously issued for delivery to the employee under the above specified group policy.

"GROUP ACCIDENT AND SICKNESS INSURANCE

"This is to certify that under and subject to the terms and conditions of a group policy of accident and sickness insurance No. GA 2565, issued and delivered to

Phillips Petroleum Company and/or its affiliated
or subsidiary companies named therein
(Hereinafter called the employer)
By the Travelers Insurance Company, Hartford, Connecticut,
(Hereinafter called the company)

the employee named on page one hereof is insured during the continuance of said policy while an employee of the employer and while insured thereunder, against loss resulting from bodily injury effected directly and independently of all other causes through external, violent and accidental means (suicide, sane or insane, is not covered) and against disability by disease as follows:"

Defendant's answer consisted first of a general denial. Secondly, defendant set out applicable portions of the insurance policy issued to the Phillips Petroleum Company, including parts A, B and C,

under which the certificate to plaintiff's husband had been issued and alleged that no notice or proof of death had been filed with defendant as required by the policy. Defendant further alleged that the husband's death had been caused "wholly and partly . . . by disease" of long standing; that after the time of the alleged injury, defendant had paid to Mike Kolich during his lifetime on November 3, 1936, the sum of $15 as sickness indemnity under the policy pursuant to an application or statement made by Mike Kolich and plaintiff acting in his behalf on October 27, 1936; that a further payment of sickness indemnity was paid by the defendant to the plaintiff herself after the death of her husband in the sum of $19.29 on November 20, 1936, and that this last payment was a full settlement of the benefits due Mike Kolich for sickness up to the time of his death. Defendant further alleged that in the application for sickness benefits, Mike Kolich was asked: "If injured state when, where and how the accident occurred," and that the place for answer to this question was left blank. Defendant then alleged that Kolich's right to benefits for sickness under the policy were inconsistent with the right to payment for accidental injury or accidental death; that plaintiff is estopped to claim that her husband suffered any disability or death by accident. Defendant closes its answer with a paragraph in which it denies specially most of the allegations of the petition.

The reply of plaintiff, after a general denial, states:

"3. For further reply, plaintiff states that the certificate attached to plaintiff's petition and upon which suit is filed herein is the sole memorial of the liability of the defendant to the plaintiff, and if the allegations set out in said paragraph two are inconsistent with the terms and conditions of the certificate attached to plaintiff's petition, then plaintiff states that she had no notice or knowledge and the deceased, Mike Kolich, had no notice or knowledge of said provisions prior to his death, and said terms and conditions are terms and conditions between the defendant and the Phillips Petroleum Company, by which the Phillips Petroleum Company and said defendant were bound, and not this plaintiff nor Mike Kolich, in his lifetime.

"4. Plaintiff states that all that part of the amended answer of said defendant designated as parts A, B and C, are inconsistent with the terms and conditions of the certificate of insurance issued to said Mike Kolich in his lifetime and attached to plaintiff's petition herein, and plaintiff had no notice thereof, and no knowledge of the terms and conditions thereof, and the same were not set out in the certificate issued to the said Mike Kolich in his lifetime, and sued on herein, as the statute of the state of Kansas requires them to be set out if the plaintiff is to be held to responsibility therefor, and to the obligations thereof."

(Parts A, B and C referred to in that part of the reply above

quoted are provisions in the policy GA 2565 under which the certificate No. 6734 was issued.)

The reply further alleged that the provisions of the group insurance policy being unknown to plaintiff and inconsistent with the certificate issued to Mike Kolich are not binding upon plaintiff under the statutes of the state of Kansas. Plaintiff further alleged that notice to the husband's employer, the Phillips Petroleum Company, was all the notice of injury required to be given by the terms of the certificate; that such notice was given to the foreman of the Phillips company at the time of the husband's injury and that plaintiff notified the Phillips company of the injuries in the lifetime of Mike Kolich, all as required by the terms and conditions of the certificate. Plaintiff further alleges that proof of death was made to the Phillips Petroleum Company as provided in the certificate; that the certificate did not require that plaintiff give defendant notice of the death of Mike Kolich; that plaintiff is not bound by the parts of the certificate printed in different type than that of the main body of the certificate and that the requirement for immediate notice to the Phillips Petroleum Company is so printed in the certificate. The reply further stated that the plaintiff and Mike Kolich had received the payments from defendant of $15 and $19.29, but plaintiff alleged that she and her husband did not understand that such payments were for sick benefits; that the husband was ill and plaintiff was in a highly nervous state and worried over her husband's illness and his death later; that they relied upon the statements of defendant's agents; that defendant has waived reliance upon the delivery of the checks as payments for accidental indemnity; that defendant did not demand the surrender of the certificate issued to Mike Kolich and plaintiff did not understand she was discharging any liability provided in the certificate; that the statement referred to in the answer in regard to the sickness indemnity was made out under the direction of the agents of defendant and plaintiff was not informed of her rights nor that she was supposed to state the facts concerning her husband's accidental injury. Plaintiff tendered back to defendant the payments in the sum of $15 and $19.29.

Defendant contends the allegations in plaintiff's reply in which it is asserted that the certificate is the sole memorial by which the rights of the parties are to be determined constitutes a departure from the allegations in the amended petition, and therefore the court erred in overruling the demurrer to the reply.

Our statute G. S. 1935, 60-717, provides:

"When the answer contains new matter, the plaintiff may reply to such new matter, denying, generally or specifically, each allegation controverted by him; and he may allege, in ordinary and concise language, and without repetition, any new matter not inconsistent with the petition, constituting a defense to such new matter in the answer; or he may demur to the same for insufficiency, stating, in his demurrer, the grounds thereof, and he may demur to one or more of such defenses set up in the answer, and reply to the residue."

Under the code, section 60-704, the plaintiff is required to state the facts constituting his cause of action in the petition. When the answer of defendant contains new matter, the plaintiff may in his reply enter a denial, and may allege "any new matter not inconsistent with the petition" constituting a defense to the new matter in the answer.

A departure is the abandonment by a party of the ground set up in a prior pleading and the allegation of matter inconsistent therewith. (*Johnson v. Bank*, 59 Kan. 250, 252, 52 Pac. 860.)

In *Surety Co. v. Bragg*, 63 Kan. 291, 65 Pac. 272, it was held, as stated in the syllabus:

"In an action on an insurance policy, it was alleged in the petition that the insured had done and performed all of the requirements of the policy on his part. The condition required prompt payment of premiums as they became due. The insurance company answered, averring that the policy had lapsed by reason of a failure to pay the last premium. In reply, the plaintiff alleged that the company had waived such payment, and, further, that by its conduct it was estopped from claiming that the premium was not paid. *Held*, that the allegations of the reply constituted a departure from the averments of the petition."

See, also, *Beakey v. Vander Meerschen*, 78 Kan. 538, 97 Pac. 478.

In *Hunter v. Allen*, 74 Kan. 679, 88 Pac. 252, it was stated in the syllabus:

"New matter in the reply which the plaintiff is forced to plead in order to meet the allegations of the answer will not, constitute departure if it does not contradict the facts stated in the petition and if it is not adopted as a new basis for relief in place of the cause of action presented by the petition."

In *Minter v. Shearer*, 117 Kan. 511, 512, 232 Pac. 249, the doctrine was further limited "to those instances in which actual prejudice might result from confusion of issues."

Are the facts alleged in the reply inconsistent with the facts alleged in the petition? As a basis for relief, has the plaintiff abandoned the original cause of action stated in the petition and adopted a new cause of action? If so, is the shift in position of such moment that actual prejudice might result to the defendant?

While the group insurance contract has not been construed by this court, it frequently has been before the courts in other jurisdictions. In *Boseman v. Insurance Co.*, 301 U. S. 196, 203, 57 Sup. Ct. 686, 81 L. Ed. 1036, the court, in considering a case of group insurance contract in which there was a master policy and a certificate, said:

". . . But the certificate is not a part of the contract of, or necessary to, the insurance. It is not included among the documents declared 'to constitute the entire contract of insurance.' Petitioner was insured on the taking effect of the policy long before the issue of the certificate. It did not affect any of the terms of the policy. It was issued to the end that the insured employee should have the insurer's statement of specified facts in respect of protection to which he had become entitled under the policy. It served merely as evidence of the insurance of the employee. Petitioner's rights and respondent's liability would have been the same if the policy had not provided for issue of the certificate. And plainly delivery of the certificate by the refining company to petitioner in Texas has no bearing upon the question whether Pennsylvania law or Texas law governs in respect of the notice of claim. . . . ."

See, also, 29 Am. Jur. Insurance, § 1372. It has been held, however, that the master policy and the certificate are to be construed together. (*Carruth v. Aetna Life Ins. Co.*, 157 Ga. 608, 122 S. E. 226.)

In plaintiff's amended petition it was alleged that on the first day of February, 1936, the defendant company issued "to the Phillips Petroleum Company, a group accident and sickness policy, whereby it did thereby insure the employees of the said Phillips Petroleum Company, and amongst others, Mike G. Kolich, who was on said day and at all the times hereinafter mentioned, an employee of said Phillips Petroleum Company," and alleges that "an insurance contract, for a valuable consideration, certificate No. 6734, under group accident and sickness policy GA 2565, was theretofore issued the Phillips Petroleum Company, a copy of which said certificate is attached." The certificate attached to the petition recites that it is a "certificate of insurance under group accident and sickness policy No. GA 2565," and further recites: "This is to certify that under and subject to the terms and conditions of a group policy of accident and sickness insurance No. GA 2565, issued and delivered to Phillips Petroleum Company," the employee named is insured.

Clearly the cause of action as alleged in the petition was on the master policy GA 2565. In the reply the master policy is abandoned and the allegation made that the certificate attached to the petition

is the sole memorial of the liability of the defendant to the plaintiff. We think the issues are so confused as to prejudice the rights of the defendant. The defendant is entitled to fair notice as to the issues to be met. Clearly if the action is based on the master policy, the reply must be amended; but, if the action is on the certificate the plaintiff should ask leave to amend the petition. As a departure may be waived (*Smelting Co. v. Osborne*, 66 Kan. 393, 71 Pac. 838), the question is one of substance to the defendant.

We think the court erred in overruling defendant's demurrer to the reply. The judgment is reversed and the cause remanded with directions to enter judgment sustaining the demurrer of defendant to the reply.

HARVEY and HOCH, JJ., dissent.