No. 38,222

L. D. ALEXANDER and O. G. GOODNIGHT, Partners, doing business under the trade name of L. D. ALEXANDER, *Appellants*, v. JOHN C. SMITH, *Appellee*.

(229 P. 2d 1022)

Opinion filed April 7, 1951.

*Dale M. Stucky*, of Wichita, argued the cause, and *Robert C. Mayse*, of Ashland, and *Howard T. Fleeson, Homer V. Gooing* and *Wayne Coulson*, all of Wichita, were with him on the briefs for the appellants.

*James A. Williams*, of Dodge City, argued the cause, and *C. W. Hughes*, of Dodge City, and *F. N. Cossman*, of Ashland, were with him on the briefs for the appellee.

The opinion of the court was delivered by

PRICE, J.: This is an appeal from orders of the lower court overruling plaintiffs' motion to strike defendant's second amended

answer and counterclaims, and overruling plaintiffs' demurrer to the second amended answer and to each counterclaim contained therein, in an action commenced September 30, 1949, to recover the rental value of certain pasture lands based on an alleged *quasi* contract.

The allegations of the numerous pleadings filed will not be summarized in detail, but, in the main, the petition alleges that on or about May 1, 1946, by oral contract, plaintiffs rented from the owner thereof certain pasture land in the state of Oklahoma for the term of one year; that on or about May 1, 1947, they again orally rented the same land for the period ending May 1, 1948, their purpose being to secure pasture land for the grazing of their own cattle and to utilize excess grazing by taking in cattle owned by others. It is then alleged that, without contract, defendant used the pasture land in question for grazing of his own cattle from May 1, 1946, to May 1, 1948, and that by reason thereof defendant is indebted to plaintiffs in the amount of $8,000, none of which has been paid.

Defendant filed a verified answer in the nature of a general denial, and further alleged that by an oral agreement with one of the plaintiffs, made on about April 1, 1945, defendant rented the pasture land in question for a specified annual rental; that pursuant to such agreement he continued to occupy the land from about April 1, 1945, to May 1, 1948, as the tenant of such plaintiff, under the terms of the original oral agreement. These allegations were followed by certain alleged setoffs and counterclaims, by reason of which it was alleged plaintiffs were indebted to defendant.

Shortly thereafter defendant filed an amended verified answer and counterclaim in which he alleged his oral lease from plaintiffs was for one year from April 1, 1945, to April 1, 1946; that he continued to occupy the premises with the assent of plaintiffs from about April 1, 1946, to May 1, 1948, under and by virtue of an Oklahoma statute which was pleaded.

Later, and twenty-five days out of time, over the objections of plaintiffs, defendant was granted leave to and filed a second amended answer and counterclaim. Plaintiff's motion to strike this pleading was overruled, as was their demurrer to it, and it is from those rulings this appeal was taken.

Plaintiffs' first argument is based upon the proposition the court had no authority to permit the filing of an amended answer and counterclaim which, they contend, substantially changed the de-

fense and claims for affirmative relief, their argument being that the original answer alleges the oral lease was for three years, that defendant claimed to hold for that period under its terms, whereas the second amended answer merely alleges an express oral lease for one year and a holding over as a tenant at will for the remaining two years, and it is claimed this is such a "departure" as materially changes the defense and claim for affirmative relief.

We are convinced that no good purpose would be served, and that nothing would be added to the body of our law on the subject, by unduly extending this opinion with a detailed analysis of each of these answers and counterclaims in controversy. From the pleadings and the arguments contained in their briefs, there can be no doubt but that each party is fully aware of the claims of the other. We think that, taken altogether, the allegations are subject to the interpretation that the oral agreement was for a term of one year and that defendant held over the remainder of the time as a tenant at will, but upon the same terms and conditions as contained in the original oral agreement. Both answers allege that at all times defendant claimed to hold possession of the land as a tenant of plaintiffs. We cannot say, as a matter of law, there is any so-called departure so as to preclude the court from permitting the amendment to be filed under the provisions of G. S. 1949, 60-759.

In *Dalton v. Hill,* 169 Kan. 388, 219 P. 2d 710, it was said:

"Under our liberal civil code there is no departure unless the facts alleged in the amended petition so contradict the allegations of the petition that it can be said there has been a material change in the cause of action first pleaded (*Armstrong v. Lough,* 128 Kan. 167, 277 Pac. 51)." (p. 394.)

See also *Kolich v. Travelers Ins. Co.,* 154 Kan. 458, 119 P. 2d 498.

Concerning the complaint the court erred in permitting defendant to file the second amended answer twenty-five days out of time, the record does not show and we are unable to see where there was any abuse of discretion. G. S. 1949, 60-727, gives a trial court a wide latitude in such matters and unless a clear abuse of discretion is shown its rulings will not be disturbed.

Plaintiff's further contention, that the allegations of the answers are susceptible of bringing the oral contract within the statute of frauds, is also without merit, if for no other reason than that the issues here concern a completed contract and therefore the statute would have no application.

We have examined the allegations of the second amended answer,

including the counterclaims, and have given consideration to all arguments advanced by counsel, but have no difficulty in concluding that the lower court correctly overruled the demurrer thereto. The judgment of the lower court is in all respects affirmed.

HARVEY, C. J., not participating.